In re KNOTTS. (Three Cases.)

[Cite as *In re Knotts* (1996), 109 Ohio App.3d 267.]

Court of Appeals of Ohio,
Third District, Mercer County.

Nos. 10–95–9, 10–95–10 and 10–95–11.

Decided Feb. 12, 1996.

268

*Peter R. Van Arsdel,* for appellant Patsy Knotts.

*Paul E. Howell,* Mercer County Prosecuting Attorney, and *Andrew J. Hinders,* Assistant Prosecuting Attorney, for appellee Mercer County Department of Human Services.

*John Sacher,* guardian *ad litem.*

EVANS, Judge.

This appeal is brought by Patsy Knotts, appellant, from the judgments of the Court of Common Pleas of Mercer County, Juvenile Division, terminating her parental rights.

On April 12, 1995, the Mercer County Department of Human Services ("Human Services"), appellee, filed amended complaints alleging abuse and dependency concerning appellant's three children, Bridgett, Megan and Charlotte. The complaints asked the court to find Bridgett and Megan abused children in violation of R.C. 2151.031(A) and Charlotte a dependent child pursuant to R.C. 2151.04(C). In their prayer for disposition, the complainants requested that Human Services be granted permanent custody of the girls. A hearing on the matter was held on June 29, 1995. In judgment entries dated July 13, 1995, the trial court found the children abused or dependent as alleged and granted permanent custody to appellee. Appellant now appeals these decisions, asserting five assignments of error. These cases have been consolidated on appeal.

## ASSIGNMENT OF ERROR NO. 1

"The trial court erred in ruling on a 'Motion for Permanent Custody' when no such motion had been made in the case."

## ASSIGNMENT OF ERROR NO. 2

"The trial court erred in proceeding on an erroneous stipulation that the parties agreed to proceed with hearing of the Complaint and Motion for Permanent Custody."

## ASSIGNMENT OF ERROR NO. 3

"The trial court erred in not bifurcating the hearing on alleged abuse and dependency from the dispositional hearing."

## ASSIGNMENT OF ERROR NO. 4

"The trial court erred in not setting forth appropriate findings of fact and conclusions of law in finding abuse or dependency."

## ASSIGNMENT OF ERROR NO. 5

"The trial court erred in finding the children the subject of this appeal to be abused and/or dependent as such a finding is not supported by clear and convincing evidence."

We will address appellant's first and fifth assignments of error together. In these assignments of error appellant argues that a motion for permanent custody was never filed and, therefore, an order for permanent custody is improper. Appellant contends that the motion in this case alleged that the children were abused, neglected or dependent, and that the finding by the court on this issue was not supported by clear and convincing evidence.

█ Based on the record, we must agree with the appellant on these issues. Appellee filed three amended complaints labeled "Complaint, Abuse, Neglect or Dependency," wherein it was alleged that two of appellant's children had been sexually abused and a third child was dependent by virtue of living in a household where a parent had abused a sibling, thus placing the child in danger of similar abuse. In each prayer for disposition, appellee asked the court to "find the child to be as alleged, and make disposition pursuant to O.R.C. 2151.353(4), specifically, that the Court grant Permanent Custody of the child to the Mercer County Department of Human Services." While the hearing that followed was repeatedly described by the judge as a hearing on a motion for permanent custody and was referred to as such in his journal entry, both the form and the substance of the complaints clearly sought an adjudication that the children were abused, neglected or dependent. A finding or adjudication of abuse, neglect, or dependency is a prerequisite to an order of permanent custody under R.C. 2151.353(A)(4), which states:

"If a child is adjudicated an abused, neglected, or dependent child, the court may make any of the following orders of disposition:

" * .* *

"(4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of his parents within a reasonable time or should not be place with either parent and determines in accordance with division (D) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child. * * * "

█ After reviewing the record, it is clear that the appellee presented no evidence to demonstrate that the children were abused, neglected, or dependent. Instead, it appears that appellee relied on a judgment entry dated July 25, 1994, adjudicating the children abused or dependent, to demonstrate clear and convincing evidence of abuse and dependency in the instant case. Appellee requested that the court take judicial notice of the previous adjudication and journal entry to establish abuse and dependency in this case but failed to incorporate the entry into this record. The fault in appellee's action is twofold. First, while the trial

judge in this case attempted to take judicial notice of the previous order, stating, "Certainly these are records and journals of this court, and of course the court will take judicial notice of its own records," this was not within its authority. "Courts do not take judicial knowledge of their own proceedings, but only of their own proceedings in the immediate case under consideration." *Burke v. McKee* (1928), 30 Ohio App. 236, 238, 164 N.E. 776, 776; *Diversified Mtg. Investors v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 159, 7 OBR 201, 203–204, 454 N.E.2d 1330, 1332–1333. The entry at issue was the result of another proceeding. The present case was initiated with a complaint filed April 4, 1995. Moreover, the present case had different case numbers and separate dockets from the earlier action. Secondly, the record reveals that no other evidence was presented to demonstrate the existence or substance of the prior adjudication. See App.R. 9. Without any evidence being presented to demonstrate abuse or dependency we cannot conclude that Human Services fulfilled its burden of producing clear and convincing evidence on this point. Nor is it clear as stated in the journal entry of the trial court that the parties "agreed to the admission of the Judgment Entry of this Court * * * dated July 25, 1994, in which the above named child[ren] [were] found" abused or dependent, when the journal entry is not admitted as part of the record. Without the entry, it was error for the court to conclude by clear and convincing evidence that the children were abused or dependent. Therefore, appellant's first and fifth assignments of error are well taken.

As a practical matter, it is unclear to this court why appellee would file a new complaint alleging the same abuse and dependency with respect to these children when, according to the appellee, a valid judgment to that effect had already been obtained less than a year before this case was filed. If this prior judgment order had been obtained, appellee should have proceeded on the prior adjudication of abuse and dependency with a motion for permanent custody under R.C. 2151.414 or a dispositional request under R.C. 2151.353(4). For whatever reason, appellee failed to do this and instead proceeded to file a new complaint again alleging abuse and dependency and asking for permanent custody. By doing this, appellee bore the burden of demonstrating, for a second time, abuse or dependency for each of the three children.

Appellant's second assignment of error alleges that the trial court erred in concluding that the parties agreed by stipulation to proceed with a hearing of the complaint and motion for permanent custody. We must agree with appellant since no mention is made in the record that the parties agreed to a stipulation to proceed on a motion for permanent custody. Rather, the parties stipulated only to the consolidation of the trials and waiver of the time limits for trial. Appellant's second assignment of error is sustained.

■ In her third assignment of error, appellant claims that the trial court erred in not bifurcating the hearing on alleged abuse and dependency from the dispositional hearing. According to *In re Baby Girl Baxter* (1985), 17 Ohio St.3d 229, 17 OBR 469, 479 N.E.2d 257, paragraph one of the syllabus, "In proceedings where parental rights are subject to termination, both the Juvenile Rules and the Revised Code prescribe that such proceedings be bifurcated into separate adjudicatory and dispositional hearings." On July 13, 1995 the court found appellant's children abused or dependent and granted permanent custody of the children to appellee pursuant to R.C. 2151.414(E). While the court in this case did hold a separate dispositional hearing in accordance with R.C. 2151.414(B) on July 14, 1995, the order of adjudication dated July 13, 1995 had already been signed and filed, thus committing the error assigned by appellant. Since the July 13, 1995 order was dispositional in nature, bifurcated hearings were required. Therefore, appellant's third assignment of error is sustained.

Lastly, appellant argues that the trial court erred in failing to set out findings of fact and conclusions of law when finding abuse or dependency. Since we have already found the decisions of the trial court adjudicating appellant's children abused, neglected, or dependent to be insupportable by clear and convincing evidence, appellant's fourth assignment of error is moot.

Having found error prejudicial to the appellant herein in the particulars assigned and argued, we reverse the judgments of the trial court.

*Judgments reversed*
*and causes remanded.*

THOMAS F. BRYANT, P.J., and HADLEY, J., concur.