OPINION
Appellant Richard Eddy appeals the decision of the Fairfield County Court of Common Pleas, Juvenile Division, granting the Fairfield County Children's Services Agency's ("FCCS") motion for permanent custody of his infant child Baby Boy Eddy, nka Adam Eddy. As an initial matter, we note that this Court reviewed the case involving three of Adam's five siblings in In the Matter of Joshua Eddy, Richard Eddy and George Eddy (Oct. 2, 1998), Fairfield App. Nos. 97CA74, 97CA73, 97CA75, unreported ("Eddy 1"). Our decision upheld the trial court's grant of permanent custody of the brothers. Adam was not involved in that case, as the trial court's judgment entry giving rise to said appeal pre-dated his birth. On May 13, 1998, Evelyn Eddy gave birth to Adam Eddy. FCCS learned about the birth from an anonymous telephone call, despite Evelyn's involvement with the agency in regard to her other children. FCCS first obtained an emergency custody order from the trial court, then obtained a temporary custody order on May 20, 1998, pending adjudication. On June 18, 1998, appellant and Evelyn stipulated to a dependency finding by the trial court. In a motion filed July 23, 1998, FCCS requested permanent custody of Adam, which the trial court set for hearing on November 23, 1998. In the meantime, events transpired in related criminal proceedings involving Evelyn and appellant. On June 9, 1998, Evelyn pled "no contest" to Complicity to Child Endangering, a fourth degree felony. Appellant then pled guilty to the offense of Child Endangering, a third degree felony, on August 11, 1998. At the evidentiary hearing regarding permanent custody on November 23, 1998, FCCS called three witnesses from the agency, and elicited testimony from Evelyn. Appellant did not take the stand. At the close of evidence, the trial court took the matter under advisement, giving the attorneys the opportunity to submit written closing arguments and proposed findings of fact. On February 11, 1999, the trial court issued its judgment entry granting permanent custody of Adam to FCCS. Appellant timely appealed, and herein raises the following four Assignments of Error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN CONSIDERING EVIDENCE INTRODUCED IN THE PRIOR PROCEEDINGS INVOLVING THE OTHER EDDY CHILDREN IN THIS CASE.
 II. THE TRIAL COURT ERRED IN ITS FINDINGS THAT O.R.C. § 2151.414(E)(1) AND (E)(6) EXIST AS TO APPELLANT.
 III. THE TRIAL COURT ERRED IN FINDING THAT O.R.C. § 2151.414(E)(5) EXISTS AS TO APPELLANT.
 IV. THE TRIAL COURT ERRED BY CONCLUDING ON THE BASIS OF THE RECORD BELOW THAT IT WAS IN THE BEST INTEREST OF THE CHILD TO GRANT PERMANENT CUSTODY TO FCCS.
 I.
In his First Assignment of Error, appellant argues that the trial court improperly considered evidence from prior proceedings during Eddy 1. He contends that the trial court thus committed error by utilizing its knowledge of Eddy 1 to establish facts regarding Adam, relying on In re Knotts (1996), 109 Ohio App.3d 267. We disagree. In Knotts, the Third District Court of Appeals reversed a 1995 decision of the Mercer County Court of Common Pleas, Juvenile Division, finding three children abused or dependent and granting permanent custody to Mercer County DHS. Id. at 269. The Court of Appeals, after reviewing the record, found that the sole demonstration by DHS that the children were dependent, neglected, or abused was by reference to a past judgment entry, dated July 25, 1994, adjudicating the children abused or dependent. Id. at 270. This 1994 case had different case numbers and separate dockets than the 1995 case under appeal. Id. at 271. However, the July 25, 1994 judgment entry was apparently never admitted as part of the record in the 1995 case under appeal; therefore, the Court held that it was error for the trial court to make the abuse and dependency findings by clear and convincing evidence. Id. We find the record in the case sub judice clearly distinguishable from the facts in Knotts. In the present case, the parties stipulated to the introduction of several exhibits, including Plaintiff's Exhibit 3, a copy of the October 30, 1997 judgment entry granting permanent custody in Eddy 1, and Plaintiff's Exhibit 4, a copy of this Court's decision in the appeal of Eddy 1. This is indicated by the following exchange:
 PROS. DOLIN: I think we've agreed to stipulate. Those are the exhibits I've provided copies to counsel of. These are the originals. (Inaudible)
(Pause)
THE COURT: That's fine.
PROS. DOLIN: Your Honor, I would move those into evidence.
 THE COURT: Mr. Ort, you and Mr. Spires have, in fact, agreed to stipulate to those?
 ATTY. ORT: I have, your Honor. You know, as, as long as the, I believe you've already accepted, you know, as long, as long as the other document that goes with the judgment entry, which is Exhibit 6, is admitted simultaneously, yes, I've agreed to stipulate to all of those.
THE COURT: Mr. Spires?
ATTY. SPIRES: I'd have the same response, your Honor.
 THE COURT: All right. Uh, by stipulation they will be admitted. Mr. Hofmeister, I assume you don't have a problem with . . .
ATTY. HOFMEISTER: I have no objection, you Honor.
THE COURT: Okay. They will be admitted.
Tr. at 5-6. Appellant's attempt to find error in the trial court's reliance on such exhibits is without merit. "[E]vidence, no matter for what purpose it was received, is competent to be considered on all issues." Dorrough v. DLH Acquisitions Co., Inc. (July 15, 1991), Warren App. No. CA90-08-057, unreported, at 2, citing Creamer v. Payer (App. 1952), 65 Ohio Law Abs. 119, 126. Furthermore, "[a] juvenile court should not be forced to experiment with the health and safety of a newborn baby where the state can show, by clear and convincing evidence, that placing the child in such an environment would be threatening to the health and safety of that child." In re Campbell (1983), 13 Ohio App.3d 34,36; see, also, In re Shuman (May 19, 1999), Lorain App. No. 98CA7082, unreported, at 6. Finally, appellant alleges that "[i]t is clear that the trial court utilized its knowledge of the evidence in the prior cases to establish the alleged mistreatment of the `other child.'" Appellant's Brief at 1. This contention appears to challenge the objectivity of the trial judge. However, as noted by the Second District Court of Appeals, "* * * pursuant to R.C. 2701.03, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a common pleas judge is biased or prejudiced. Jones v. Billingham (1995),105 Ohio App.3d 8, 11, 663 N.E.2d 657. [Appellant] should have brought any challenge to the trial judge's objectivity by way of the procedure set forth in R.C. 2701.03." In re Miller (July 16, 1999), Montgomery App. No. 17592, unreported, at 2.
Appellant's First Assignment of Error is overruled.
 II, III, IV
Appellant, in his three remaining assignments of error, contends that the evidence presented at trial did not support the conclusions of the trial court regarding the grant of permanent custody. As an appellate court, we neither weigh the evidence nor judge the credibility of the witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279,281. It is based upon this standard that we review appellant's Second, Third and Fourth Assignments of Error. II. In his Second Assignment of Error, appellant challenges the trial court's findings regarding the existence of certain factors under R.C.2151.414(E). He first asserts error in the court's holding regarding R.C. 2151.414(E)(1), which, as written at the time of the proceedings sub judice, mandated as follows: (E) In determining at a hearing held pursuant to division (A) of this section * * * whether a child cannot be placed with either parent within a reasonable period of time or should not be placed with the parents, the court shall consider all relevant evidence. If the court determines, by clear and convincing evidence, at a hearing held pursuant to division (A) of this section * * * that one or more of the following exist as to each of the child's parents, the court shall enter a finding that the child cannot be placed with either parent within a reasonable time or should not be placed with either parent:
(1) Following the placement of the child outside the child's home and notwithstanding reasonable case planning and diligent efforts by the agency to assist the parents to remedy the problems that initially caused the child to be placed outside the home, the parent has failed continuously and repeatedly to substantially remedy the conditions causing the child to be placed outside the child's home. In determining whether the parents have substantially remedied those conditions, the court shall consider parental utilization of medical, psychiatric, psychological, and other social and rehabilitative services and material resources that were made available to the parents for the purpose of changing parental conduct to allow them to resume and maintain parental duties.
Appellant essentially argues that FCCS did not provide him with a "significant opportunity" to take part in the case plan. Appellant's Brief at 6. The record indicates that FCCS called social worker and interim assistant director Jim Hodge to testify regarding his efforts to work with appellant:
Q. Okay. And you have a discussion with him, is that correct?
A. Yes.
Q. All right. And this took place where? In the jail?
A. In the jail.
Q. Okay. Across the street?
A. Correct.
Q. Okay. I'm sorry. Continue.
 A. That's all right. Uh, he, Mr. Eddy cited that he was aware of the hearing, that he had talked with his attorney and his attorney had told him not to talk to us and he didn't want to talk to us. He didn't want the piece of paper I had for him and I said okay and that was the end of our meeting.
Tr. at 106-107.
Despite additional attempts by FCCS to discuss the case plan via written correspondence (Plaintiff's Exhibits 7A and 7I), according to Hodge, neither appellant nor anyone on his behalf attempted to contact FCCS personnel after the unsuccessful June 17th visit. Tr. at 124-125. A trial court need not require social workers to endure limitless attempted contacts in order to make a finding of diligent agency efforts under the statute. We find that FCCS presented sufficient competent and credible evidence upon which the fact finder could base its decision that the agency engaged in reasonable case planning and diligent efforts in light of appellant's apparent lack of cooperation. Appellant also challenges the trial court's conclusion, under R.C.2151.414(E)(6), that he poses an ongoing danger to the child or a sibling of the child. The cited version of the statute reads as follows: (6) The parent violated section * * * 2919.22, 2919.24,2919.25, 2923.12, 2923.13, 2923.161, 2925.02, or 3716.11 of the Revised Code and the child or a sibling of the child was a victim of the violation or the parent violated section 2903.01, 2903.02,2903.03, or 2903.04 of the Revised Code, a sibling of the child was the victim of the violation, and the parent who committed the violation poses an ongoing danger to the child or a sibling of the child.
The record on appeal, in addition to Plaintiff's Exhibits 3 and 4 previously discussed, includes a copy of the judgment entry dated September 2, 1998, wherein appellant was sentenced on his criminal child endangering conviction. Plaintiff's Exhibit 5. We find that the sum of such exhibits and FCCS testimony regarding appellant's refusal to participate in any of the agency's procedures provided sufficient credible evidence upon which the trial court could base its conclusions. Moreover, "[u]nder R.C. 2151.414(E), only one of the subsections need apply to the parent for a determination to be made that the children cannot be placed with the parent within a reasonable time." In re Hendricks (March 1, 1996) Ashtabula App. No. 95A0043, unreported, at 3. Appellant's Second Assignment of Error is overruled.
 III.
In his Third Assignment of Error, appellant contends that the trial court erred in rendering its finding under R.C.2151.414(E)(5). He essentially maintains that the court cannot logically make both an (E)(5) and (E)(6) finding under these facts, as "one requires a finding as to ongoing risk and one does not." Appellant's Brief at 11. He supplies no case law as authority for this position. He further urges that R.C.2151.414(E)(5) is potentially unconstitutional as an infringement of a parent's fundamental right to raise a child per State ex rel. Heller v. Miller (1980), 61 Ohio St.2d 6. We disagree on both points. Our reading of the statute indicates no logical inconsistency as alleged by appellant. Furthermore, we note appellant's constitutional challenges were not briefed nor argued to the trial court. As stated by the Supreme Court of Ohio in State v. Awan (1986), 22 Ohio St.3d 120, syllabus: Failure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.
We find no error in the trial court's application of R.C.2151.414(E)(5). Appellant's Third Assignment of Error is overruled.
 IV.
In his Fourth Assignment of Error, appellant argues that the trial court erred in finding that permanent custody would be in the best interest of the child. We disagree. The relevant statute, as written at the time of the permanent custody action in the case sub judice, is R.C. 2151.414. It provided in part: * * * (B) The court may grant permanent custody of a child to a movant if the court determines at the hearing held pursuant to division (A) of this section, by clear and convincing evidence, that it is in the best interest of the child to grant permanent custody of the child to the agency that filed the motion for permanent custody and that any of the following apply:
 (1) The child is not abandoned or orphaned and the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's parents;
(2) The child is abandoned and the parents cannot be located;
 (3) The child is orphaned and there are no relatives of the child who are able to take permanent custody.
* * *
In determining the best interest of the child, R.C. 2151.414(D) provided:
 In determining the best interest of a child at a hearing held pursuant to division (A) of this section or for the purposes of division (A)(4) or (5) of section 2151.353 * * * or division (C) of section 2151.415 * * * of the Revised Code, the court shall consider all relevant factors, including, but not limited to the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster parents and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency.
Initially, although the parties did not agree that adoption would be in Adam's best interest, counsel did enter a stipulation that the child was adoptable. Tr. at 10. Additionally, the guardian ad litem recommended termination of parental rights regarding Adam and a grant of permanent custody to FCCS. Judgment Entry February 11, 1999, at 25. The record and exhibits portray appellant as a seriously deficient parent who, even while serving a felony sentence for the criminal endangerment of Adam's siblings, refused to take even the initial step of developing any communication with FCCS. Despite appellant's attempts to duck behind this self-imposed wall of disinterest, the record supports the trial court's conclusion that Adam could not be placed with either parent within a reasonable period of time or should not be placed with the parents, and that permanent custody would be in Adam's best interest. Appellant's Fourth Assignment of Error is overruled.
For the reasons stated in the foregoing, the decision of the Court of Common Pleas, Juvenile Division, Fairfield County, Ohio, is affirmed.
By: Wise, P.J. Hoffman, J., and Farmer, J., concur.