[Cite as *In re. B.W.*, 2017-Ohio-5666.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

IN RE:

    B.W.

[DAPHNE WATERER - APPELLANT]

CASE NO. 9-17-02

O P I N I O N

IN RE:

    M.W.

[DAPHNE WATERER - APPELLANT]

CASE NO. 9-17-03

O P I N I O N

**Appeals from Marion County Common Pleas Court
Juvenile Division
Trial Court Nos. 2014 AB 00064 and 2014 AB 0063**

**Judgments Reversed and Cause Remanded**

**Date of Decision:　July 3, 2017**

APPEARANCES:

    *Nathan Witkin* **for Appellant**

    *Justin J. Kahle* **for Appellee**

**ZIMMERMAN, J.**

{¶1} This is an appeal from a Marion County Court of Common Pleas, Family Division, judgment entry that awarded permanent custody of B.W. and M.W., both minor children, to Marion County Children Services (MCCS). Appellant, Daphne Waterer ("Daphne"), B.W. and M.W.'s natural mother, appeals.

*Facts and Procedural History*

{¶2} On May 14, 2014, MCCS filed a complaint for abuse and dependency in the trial court and requested protective supervision of B.W. and M.W. The complaint alleged that B.W.'s meconium tested positive for cocaine at birth. (Doc. 1). The trial court scheduled an adjudicatory hearing, as to Daphne, the mother of B.W. and M.W., for August 5, 2014.

{¶3} On August 11, 2014 the trial court's magistrate entered a decision finding B.W. to be an abused and dependent child, and M.W. to be a dependent child *as to their respective fathers*. (Doc. 15). No adjudication of abuse or dependency of B.W. and M.W. was made in regards to Daphne. After two (2) dismissals and re-filings of abuse and dependency complaints regarding B.W. and M.W., an adjudicatory hearing was ultimately held in the trial court on December 22, 2014[1] as to Daphne.

---

[1] Although the trial court references a finding of adjudication of B.W. and M.W. in its January 9, 2017 Judgment Entry, we find no such entry of adjudication in the record.

{¶4} On May 1, 2015 the trial court filed its dispositional judgment entry regarding B.W. and M.W., which referenced their adjudications of abuse and dependency of December 22, 2014, ordering custody (of B.W. and M.W.) to Daphne[2]. (Doc. 30). Thereafter, on June 26, 2015 MCCS filed a motion for ex parte emergency custody (of B.W. and M.W.) because Daphne had tested positive for cocaine and benzodiazepines and was arrested for a probation violation. (Doc. 33). The trial court granted the ex parte request and changed custody of B.W. and M.W. from Daphne to MCCS. (Doc. 34).

{¶5} Thereafter, the trial court conducted multiple review hearings[3]. In its April 26, 2016 judgment entry of review, the trial court scheduled B.W. and M.W.'s cases for *permanent custody* hearings for June 6, 2016 even though a permanent custody motion had yet to be filed by MCCS. However, the June 6, 2016 permanent custody hearing did not proceed and was later rescheduled.

{¶6} On July 28, 2016 MCCS filed its motion for permanent custody of B.W. and M.W. and requested that service upon Daphne be made (personally). Such service was unsuccessful and the trial court approved service by publication on August 5, 2016 and the case was scheduled for a permanent custody hearing on August 10, 2016[4]. However, such hearing did not occur as scheduled and on

---

[2] The dispositional hearing occurred in the trial court on January 23, 2015.

[3] Specifically, review hearings were held in the trial court on July 22, 2015, September 16, 2015, December 16, 2015, February 8, 2016 and April 6, 2016.

[4] The statutory publication period of 7 days was not met.

September 13, 2016 the permanent custody hearing was rescheduled for January 4, 2017. Service upon Daphne was thereafter perfected by posting and mail (*See* Docs. 103, 104).

**{¶7}** On January 4, 2017 a permanent custody hearing was conducted in the trial court and on January 9, 2017 the trial court issued its entry granting permanent custody of B.W. and M.W. to MCCS. Daphne did not attend the hearing but her attorney was present.

**{¶8}** It is from this entry that Daphne appeals, raising the following assignment of error for our review.

### ASSIGNMENT OF ERROR

**THE TRIAL COURT WAS WITHOUT AUTHORITY TO COMMIT THE CHILDREN TO THE PERMANENT CUSTODY OF MARION COUNTY CHILDREN SERVICES UNDER R.C. 2151.383(A)(4) [sic].**

**{¶9}** In her sole assignment of error, Daphne argues that since the entry adjudicating B.W. and M.W. to be abused and/or dependent children (as to Daphne) was never entered into the record, the trial court was without authority to grant permanent custody to MCCS. We agree.

**{¶10}** MCCS filed three "Complaints" (dismissing two)[5] alleging B.W. to be an abused and dependent child and M.W. to be a dependent child (as to Daphne)

---

[5] As to Daphne, the dismissed complaints filed in the trial court occurred on May 14, 2014 (dismissed on September 3, 2014) and September 3, 2014 (dismissed December 11, 2014).

before conducting its permanent custody hearing on January 4, 2017. The complaint of abuse and dependency upon which MCCS used as its basis for permanent custody was filed December 11, 2014 and served upon Daphne on December 22, 2014, the date of the adjudicatory hearing.

{¶11} As we have stated in previous cases, "[a] finding or adjudication of abuse, neglect, or dependency is a prerequisite to an order of permanent custody under R.C. 2151.353(A)(4), which states:

> '[i]f a child is adjudicated an abused, neglected or dependent child, the court may make any of the following orders of disposition: * * *
>
> (4) Commit the child to the permanent custody of a public children services agency or private child placing agency, if the court determines in accordance with division (E) of section 2151.414 of the Revised Code that the child cannot be placed with one of the child's parents within a reasonable time or should not be placed with either parent and determines in accordance with division (D)(1) of section 2151.414 of the Revised Code that the permanent commitment is in the best interest of the child. * * *' "

*In re. Knotts*, 109 Ohio App.3d 267 (1996).

{¶12} In our review of the record herein, we find that although the trial court, in its January 9, 2017 permanent custody judgment entry regarding B.W. and M.W., refers to its finding that B.W. and M.W. were found to be abused and/or dependent, no such entry of adjudication exists as part of the record. It is well established that a "court speaks only through its journal entries". *State ex rel Worcester v. Donnellon*, 49 Ohio St.3d 117, at 118 (1990). "Neither the parties nor a reviewing

court should have to review the trial court record to determine the court's intentions. Rather, the entry must reflect the trial court's action in clear and succinct terms". *Infinite Security Solutions, L.L.C. v. Karam Properties, II, Ltd.*, 143 Ohio St.3d 346, at 353 (2015).

{¶13} In this case, no entry of adjudication of B.W. and M.W. can be found in the record and despite the fact that we must presume the regularity of the underlying proceedings, the record is void that the trial court's findings of abuse and dependency (as to B.W.) and dependency (as to M.W.) were founded upon clear and convincing evidence. All we can determine through the trial court's entry of May 1, 2016 is that an adjudicatory hearing occurred on December 22, 2015 in the trial court and nothing more.

{¶14} The absence of a journal entry adjudicating B.W. abused and dependent and adjudicating M.W. as dependent is critical to the trial court's ability to proceed upon MCCS's request for permanent custody. As we noted above, in order for the trial court to commit B.W. and M.W. into the permanent custody of MCCS pursuant to R.C. 2151.353(A)(4), there must be an adjudication of abuse and/or dependency. We find the trial court's references, in its dispositional and permanent custody entries, that B.W. and M.W. were previously found to be abused and/or dependent are insufficient to establish that such adjudications occurred since the references do not constitute orders of the court that are based upon clear and

convincing evidence. (See generally, *In re Knotts*, *supra*.) Thus, absent the existence of a judgment entry that adjudicates B.W. an abused and dependent child and adjudicates M.W. a dependent child, the trial court lacked authority to proceed upon MCCS's permanent custody motion. As such, appellant's assignment of error is well taken and sustained.

{¶15} Accordingly, we reverse the trial court's order of permanent custody and remand this matter to the trial court for further proceedings consistent with this opinion.

*Judgments Reversed and*
*Cause Remanded*

**PRESTON, P.J. and SHAW, J., concur.**

**/jlr**