DECISION AND JUDGMENT ENTRY
{¶ 1} James A. Blaine appeals the Highland County Court's judgment entry. The trial court convicted and sentenced Blaine after a jury's verdict of guilty of five offenses of violating an ex parte civil stalking protection order ("CSPO"), first degree misdemeanors, in violation of R.C. 2919.27. Blaine contends that the record is ambiguous concerning whether the parties stipulated or the trial court took judicial notice of the validity of the ex parte CSPO. We agree. Blaine maintains that we must resolve any ambiguity in his favor and that the trial court could not take judicial notice of the validity of the ex parte CSPO. We agree because the ex parte CSPO was issued out of another court and was not a prior proceeding in the immediate case. Blaine further contends that his trial counsel was ineffective. We do not address this argument because it is moot. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} Five complaints against Blaine were filed in the Highland County Court, Greenfield, Ohio, alleging violations on the 23, 24, 24, 25 and 28 of October 2002 of an ex parte CSPO issued in a prior case by the Highland County Common Pleas Court on September 3, 2002. A magistrate signed the ex parte CSPO.
 {¶ 3} In the course of his work as a pastor, Blaine counseled a 15-year-old boy. On September 3, 2002 the father of the boy filed a petition in the Highland County Common Pleas Court asking for a CSPO to keep Blaine away from his son. On September 3, 2002, pursuant to R.C. 2903.214, the magistrate, after an ex parte hearing, issued the CSPO. The magistrate set the full hearing on the order for September 10, 2002. The first sentence of item 12 of the ex parte CSPO reads, "It is further Ordered
that the Clerk of Court shall cause a copy of the Petition and this Order to be delivered to the Respondent as required by Law." The clerk issued a "Notice to Serve" to the Sheriff of Highland County that stated, "You are hereby commanded to serve the attached copy/copies of Certified Copy of Ex Parte stalkingOrder with special warning, Petition and hearing Notice
heretofore filed in this case, upon James Blaine at 771 MirabeauSt. Greenfield, OH 45123 and of your service hereof, make due return to this office, on or before the forthwith day of."
 {¶ 4} At the scheduled full hearing on September 10, 2002, the magistrate continued the hearing for two months and twelve days to November 22, 2002 because of lack of service on Blaine. The Common Pleas Court records filed in this case do not show why the magistrate continued the hearing for such a long time. The sheriff's office served the ex parte CSPO upon Blaine on September 24, 2002. The alleged five violations of the ex parte CSPO occurred on October 23-28, 2002. The record shows that the judge in the Common Pleas Court filed an entry dismissing the case involving the CSPO on January 24, 2003 based on the motion of the petitioner because the magistrate reported that the petitioner did not have any witnesses to testify at the full hearing.
 {¶ 5} The five complaints, alleging the five violations on October 23-28, 2002, were filed in the Highland County Court. They came on for a jury trial on February 26, 2003. The trial court, out of the presence of the jurors and before the beginning of the trial, said, "[T]he civil protective order involved in this case will be admitted by stipulation, and the Court finds that it is valid as a matter of law." A few sentences later the court said, "[S]ince the civil protective order is stipulated as being valid there will be no evidence received regarding the basis of that civil protective order[.]"
 {¶ 6} The trial court gave the jury some preliminary instructions and stated, "The parties have stipulated and the Court has determined as a matter of law that the civil protective order was in existence so that is not for your consideration." Later in those preliminary instructions, the court told the jury, "you must not consider as evidence any statement that any attorney made during the trial. The only exception is if the attorneys agree to any facts or stipulations such as the stipulation to the civil protection order. Such agreement or stipulation will be brought to your attention, and you may regard such fact as being conclusively proved without further necessity of evidence to such fact."
 {¶ 7} After closing arguments, the court instructed the jury. As part of the instructions, the court said, "Please be reminded that the evidence is the testimony received from the witnesses, the exhibits admitted during the trial and the facts that the Court requires you to accept as true. Along those lines the civil protection order that is presented has been stipulated by both the parties and is a valid civil protection order."
 {¶ 8} The jury found Blaine guilty of all five offenses, and the trial court accepted the guilty verdicts and sentenced Blaine accordingly.
 {¶ 9} Blaine appeals and asserts the following two assignments of error: "I. Assuming that the parties stipulated solely to the admission of a copy of the `Anti Stalking Order', the trial court erred to the prejudice of the defendant in taking judicial notice of the validity of such order and instructing the jury `as a matter of law that the civil protection order was in existence and was not a matter for their consideration'. II. Appellant was deprived of his right to effective assitance of counsel by trial counsel's erroneous acts and omissions, in contravention of the sixth and fourteenth amendments to the United States Constitution and Article One, Section Ten of the Ohio Constitution."
 II. {¶ 10} Blaine argues in his first assignment of error that the extent of the parties' stipulation is ambiguous. Blaine concedes that the parties stipulated that the civil protection order in the prior case could be admitted into evidence in the immediate case. However, he contends that the trial court took judicial notice of the validity of the civil protection order while also saying that the parties stipulated to its validity. He asserts that we must resolve this ambiguity in his favor and find that the trial court gave judicial notice of the ex parte CSPO's validity. He then maintains that the trial court could not take judicial notice of the validity of the civil protection order because it was issued by another court. He further claims that the trial court had to give an instruction to the jury that provided it did not have to accept as conclusive any fact judicially noticed.
 {¶ 11} We use a de novo standard of review when reviewing questions of law such as contract interpretation. Graham v.Drydock Coal Co. (1996), 76 Ohio St.3d 311, 313; Alexander v.Buckeye Pipe Line Co. (1978), 53 Ohio St.2d 241, paragraph one of the syllabus. We will also apply the de novo standard of review to determine the extent of the stipulation because a stipulation, like a contract, is an agreement.
 {¶ 12} A stipulation is "[a] voluntary agreement between opposing parties concerning some relevant point." Black's Law Dictionary (7th Ed. 1999) 1427. Judicial notice is "[a] court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact[.]" Id. at 851. In a criminal proceeding, ambiguities generally must be resolved in favor of the defendant. United States v. Harvey
(C.A. 4, 1986), 79 F.2d 294, 300 (court must construe ambiguous term in plea agreement against government); State v. Simpson,148 Ohio App.3d 221, 2002-Ohio-3077, at ¶ 21 (statute involving domicile must be construed in defendant's favor); State v.Cvijetinovic, 8th Dist. App. No. 81534, 2003-Ohio-563, at ¶ 27 (pursuant to R.C. 2901.04(A), statute interpretation must favor defendant); State v. Lewis, Allen App. No. 1-02-10, 2002-Ohio-3950, at ¶ 22 (term of plea agreement must favor defendant when ambiguous); City of Warren v. Cromley (Jan. 29, 1999), Trumbull App. No. 97-T-0213 (court's silence when presented with plea agreement amounted to formal acceptance, which favored defendant); State v. Ford (Feb. 18, 1998), Lawrence App. No. 97CA32 (contract language must be construed in favor of defendant); State v. Williams, ___ Ohio Misc.2d ___,2003-Ohio-7294, at ¶ 16 (tape in question is equally inculpatory as exculpatory and must be resolved in favor of defendant).
 {¶ 13} Here, we must determine if the validity of the ex parte CSPO was a stipulation. The trial court mentioned the stipulation five times. We will examine the three times that the trial court referred to the validity of the ex parte CSPO. The first time, out of the presence of the jury, the court said, "[T]he civil protective order involved in this case will be admitted by stipulation, and the Court finds that it is valid as a matter of law." The second time, out of the presence of the jury, the court said that "since the civil protective order is stipulated as being valid there will be no evidence received regarding the basis of that civil protective order[.]" The third time, in the presence of the jury, the court said, "Please be reminded that the evidence is the testimony received from the witnesses, the exhibits admitted during the trial and the facts that the Court requires you to accept as true. Along those lines the civil protection order that is presented has been stipulated by both the parties and is a valid civil protection order." These explanations are confusing. It appears that the trial court might have been taking judicial notice the first and third times it referred to the validity of the civil protection order while stating it was a stipulation the second time. To add to the confusion, the parties normally read the stipulation into the record while the trial court indicates when it is taking judicial notice of something. However, the judge indicated that the various stipulations were resolved back in chambers and that he was stating them for the record. Hence, we find that the trial court's explanations regarding the validity of the CSPO are ambiguous. Consequently, we resolve the ambiguity in favor of Blaine and find that the trial court took judicial notice of the validity of the ex parte CSPO.
 {¶ 14} Blaine did not object to the trial court's judicial notice of the validity of the ex parte CSPO. Thus, he did not properly preserve the argument for appellate review, and we may only reverse the trial court's decision to take judicial notice of the validity of the ex parte CSPO if it is plain error. See Crim.R. 52(B); State v. Ballew (1996), 76 Ohio St.3d 244, 254.
 {¶ 15} Notice of plain error under Crim.R. 52(B) is to be taken with the "utmost of caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Barnes (2002), 94 Ohio St.3d 21, 27. Plain error should not be invoked unless it can be said that, but for the error, the outcome would have been different. See, e.g.,State v. Jackson (2001), 92 Ohio St.3d 436, 438.
 {¶ 16} "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). "In a criminal case, the court shall instruct the jury that it may, but is not required to, accept as conclusive any fact judicially noticed." Evid. R. 201(G).
 {¶ 17} "A trial court may not take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case." Diversified MortgageInvestors, Inc. v. Athens Cty. Bd. of Revision (1982),7 Ohio App.3d 157, 159. See, also, D B Immobilization Corp. v. Dues
(1997), 122 Ohio App.3d 50, 53; In re Knotts (1996),109 Ohio App.3d 267, 271; Woodman v. Tubbs Jones (1995),103 Ohio App.3d 577, 580; State v. Velez (1991), 72 Ohio App.3d 836, 838;Kiester v. Ehler (1964), 9 Ohio App.2d 52, 56; Burke v. McKee
(1928), 30 Ohio App. 236, 238. "The rationale for this holding is that, if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court." Dues, supra, at 53. SeeDeli Table, Inc. v. Great Lakes Mall (Dec. 31, 1996), Lake App. No. 95-L-012, at 13; Phillips v. Rayburn (1996),113 Ohio App.3d 374, 379.
 {¶ 18} Here, the ex parte CSPO did not involve a prior proceeding in this immediate case involving the five criminal charges. Stated differently, this trial court did not issue the ex parte CSPO. Instead, the magistrate of the Highland County Common Pleas Court issued the ex parte CSPO. Hence, the trial court could not take judicial notice of the validity of the ex parte CSPO.
 {¶ 19} If we assume arguendo that the trial court could take judicial notice of the prior proceeding based on the records of the prior case that were admitted into evidence, then the trial court erred when it found that the CSPO was valid. A review of the prior case records admitted in this case indicate that the ex parte CSPO is invalid because the magistrate did not comply with R.C. 2903.214.
 {¶ 20} The state charged Blaine with violating R.C.2919.27(A)(2) five times. The pertinent part of R.C.2919.27(A)(2) provides, "No person shall recklessly violate the terms of * * * [a] protection order issued pursuant to section * * *2903.214 of the Revised Code[.]" Thus, R.C. 2903.214 was one of the elements of each of the five offenses that the state had to prove, i.e. that the CSPO was issued in compliance with R.C.2903.214. See, e.g., State v. Finley, 146 Ohio App.3d 548,2001-Ohio-4347 (state did not show that civil protection order was issued in compliance with statute); State v. Franklin (June 22, 2001), Hamilton App. No. C-000544 (state failed to prove an essential element of the case because it failed to show compliance with statute the civil protection order was issued under).
 {¶ 21} R.C. 2903.214(D)(2)(a) provides that "the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing. * * *. [T]he court may grant a continuance of the full hearing to a reasonable time determined by the court" under certain circumstances. (Emphasis added.) R.C.2903.214 (F)(1) provides in part, "The court shall direct that a copy of the order be delivered to the respondent on the same day that the order is entered." Hence, we interpret R.C. 2903.214 to mean that the legislature intended that the full hearing occur within ten days of the ex parte hearing or as soon thereafter as is reasonable.
 {¶ 22} Here, the magistrate continued the full hearing for two months and twelve days, i.e. from September 10, 2002 to November 22, 2002, without explanation for its length. Hence, the trial court in the prior case abused its discretion when it continued the full hearing for two months and twelve days. Without good cause,[2] we find that a continuance for two months and twelve days of the full hearing provided for in R.C.2903.214 is unreasonable. Noah v. Brillhart, Wayne App. No. 02CA0050, 2003-Ohio-2421, at ¶ 19 (The standard of review for a continuance is an abuse of discretion; the trial court did not abuse its discretion when it denied a continuance for the respondent to get an attorney in a civil protection order case). Consequently, the CSPO in the prior case is invalid based on the documents that were admitted into evidence in the immediate case.
 {¶ 23} We do not address Blaine's Evid.R. 201(G) argument because of our resolution of the judicial notice issue. See App.R. 12(A)(1)(c).
 {¶ 24} In conclusion, we find that a manifest miscarriage of justice occurred in Blaine's jury trial and that the trial court committed plain error when it took judicial notice of the validity of the ex parte CSPO. We further find that, but for the plain error, the outcome of the trial would have been different.
 {¶ 25} Accordingly, we sustain Blaine's first assignment of error.
 III. {¶ 26} Blaine argues in his second assignment of error that he received ineffective assistance of counsel. The resolution of Blaine's first assignment of error has rendered his second assignment of error moot. See App.R. 12(A)(1)(c).
 IV. {¶ 27} In conclusion, we sustain Blaine's first assignment of error because we find that the trial court could not take judicial notice of the prior CSPO proceeding. We find Blaine's second assignment of error moot. Therefore, we reverse the judgment of the trial court and remand this cause to the trial court for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Abele, J. and Harsha, J.: Concur in Judgment only.
[2] We realize that the parties might not have admitted into evidence all the records of the prior case and that on remand other records from the prior case might establish good cause for continuing the full hearing for the two months and twelve days.