JOURNAL ENTRY AND OPINION
{¶ 1} Respondent-appellant, Connie Ball, appeals the judgment of the Cuyahoga County Common Pleas Court that continued a previously issued ex parte civil stalking protection order against her. For the reasons that follow, we reverse and remand.
 {¶ 2} The record reveals that petitioner-appellee, Stephen Elliot, filed a petition for civil stalking protection order on October 16, 2003 against respondents-appellees, Connie Ball and Eric Ball. Apparently, Connie Ball and Elliot had a prior romantic relationship that ended sometime in July 2003. Elliot alleged that Connie was responsible for making harassing telephone calls, sending him pornography through the internet and threatening his children and mother. He also alleged that Connie threatened to have her 24-year-old son, Eric, or other individuals, cause him physical harm. The trial court issued an ex parte order the same day against Connie Ball only and scheduled a hearing to take place on October 24, 2003.
 {¶ 3} The record indicates that the ex parte order and notice of the October 24th hearing was personally served on Connie on October 22, 2003 at approximately 11:00 p.m.[1] The trial court noted at the commencement of the October 24th hearing that Connie had not only called the court, but had faxed a request for a continuance so that she could obtain local counsel.[2] The court, however, did not rule on her request, but instead proceeded with the hearing.
 {¶ 4} After inquiring of Elliot, the court continued the previously issued ex parte order protection order, stating:
 {¶ 5} "The court determines by a preponderance of the evidence, and based on the testimony of [Elliot], that [Connie] has sent unwanted and lewd materials via the U.S. mail to [Elliot]; that [Connie] has sent unwanted and lewd materials via the internet to [Elliot]; and that [Connie] has made an excessive number of telephone calls to [Elliot that has] disrupted his ability to conduct his business; and that [Connie] has also placed calls to his home [that] have interfered with his home life. These unwanted and unsolicited communications constitute a pattern of conduct that has resulted in mental distress to [Elliot]. Accordingly, [Connie] is hereby personally prohibited from having any contact with [Elliot] and further is prohibited from communicating with [Elliot] by any of the means noted above or by any other means. * * *"
 {¶ 6} Connie is now before this court and asserts two assignments of error for our review.
 I. {¶ 7} In her first assignment of error, Connie contends that the trial court abused its discretion in proceeding with the October 24th hearing because she had only received notice of the hearing less than two days before. She asserts that she is a physician in Springboro, which is three hours from Cuyahoga County, and one business day was insufficient time within which not only to seek local counsel, but also to reschedule her patients. We agree.
 {¶ 8} R.C. 2903.214 governs protection orders for victims of menacing by stalking and provides that, after granting an ex parte temporary protection order, "the court shall schedule a full hearing for a date that is within ten court days after the ex parte hearing." See R.C. 2903.214(D)(2)(a). The statute requires, however, that the court give the respondent "notice of, and an opportunity to be heard at" the hearing. Id. This same section allows the court to grant a continuance of the full hearing under certain circumstances. Relevant to this case is R.C. 2903.214(D)(2)(a)(iii), which authorizes a continuance when it is needed to "allow a party to obtain counsel."
 {¶ 9} A fundamental requisite of procedural due process is notice and an opportunity to be heard. See Cleveland Bd. of Edn.v. Loudermill (1985), 470 U.S. 532, 546, 105 S.Ct. 1487, 1494,84 L.Ed.2d 494; State v. Edwards (1952), 157 Ohio St. 175, paragraph one of the syllabus. The notice must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and to afford them an opportunity to present their objections. See Mullane v. CentralHanover Bank Trust Co. (1950), 339 U.S. 306, 314,70 S.Ct. 652, 657, 94 L.Ed. 865; In re Foreclosure of Liens forDelinquent Taxes (1980), 62 Ohio St.2d 333, paragraph one of the syllabus. Moreover, the notice must also afford a reasonable time for interested parties to make their appearance. See Mullane,339 U.S. at 314.
 {¶ 10} Here, Connie had little meaningful opportunity to obtain counsel, much less prepare for the hearing. She had requested a continuance of the hearing in order to obtain counsel. We find persuasive the decision of the First District Court of Appeals in Lindsay v. Jackson (Sept. 8, 2000), 1st
Dist. No. C-990786, 2000 Ohio App. Lexis 4043, wherein the court, construing R.C. 2903.214(D), determined that one business day was insufficient time within which to adequately prepare a defense to a petition for civil stalking protection order. The Lindsay
court stated:
 {¶ 11} "We realize that the legislature has sought to have courts act swiftly in cases involving stalking protection orders. Nevertheless, courts cannot act so quickly that the respondent is not given adequate notice of the proceedings so that he can prepare a defense. Further, since the court here had issued an ex parte order, the petitioner was protected until a full hearing could be held, and, therefore, [the petitioner] would not have been prejudiced by a short delay." Id. at 10.
 {¶ 12} We agree with the Lindsay court. Certainly, R.C.2903.214(D) provides for a continuance of the full hearing. Indeed, the temporary civil stalking protection order in place at the time would have protected Elliot until then. Connie's request for a continuance was within the purview of the statute and the trial court erred when it did not grant her request.
Judgment reversed and remanded.
It is ordered that appellant recover of appellee costs herein taxed.
The court finds there were reasonable grounds for this appeal. It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Peas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sweeney, P.J., concurs
 Gallagher, J., concurs in judgment only
[1] Although the petition named Eric Ball as a respondent in addition to Connie, the ex parte order did not include him. Nonetheless, personal service was unsuccessfully attempted on him.
[2] The record indicates that Connie lives in Springboro, Ohio.