JOURNAL ENTRY AND OPINION
{¶ 1} Edward Patrick ("Patrick") appeals the trial court's decision to hold him in contempt of court and the order requiring him to pay attorney's fees. Patrick argues that the court erred by not granting his motion to dismiss the complaint, by holding him in contempt of a civil stalking protection order, and by ordering him to pay petitioner's attorney fees as a sanction. For the following reasons, we reverse.
 {¶ 2} On May 27, 2003, Paige Berry ("Berry") filed a petition for a civil stalking protection order pursuant to R.C. 2903.214, seeking protection from Patrick. The trial court commenced an ex parte hearing that same day. During the hearing, Berry testified that she worked for the city of Rocky River as a para police secretary and Patrick worked for Rocky River as a police officer. She admitted that the two engaged in a romantic relationship during 2001, and that the relationship lasted ten months. Berry testified that after she ended the relationship, Patrick began following her, leaving notes on her desk and car, trespassing on her current boyfriend's property, sending her letters, removing property from her desk at work, and leaving harassing telephone messages. Based on this testimony and her sworn affidavit, the trial court granted Berry an ex parte civil stalking protection order.
 {¶ 3} Pursuant to statute, the trial court scheduled the full hearing on the petition for June 4, 2003. However, because Patrick had not been served until June 17, 2003, and because his attorney did not enter an appearance until June 27, 2003, the trial court rescheduled the matter for a pretrial conference. During this time, the parties informed the trial court that they were in the process of drafting a consent judgment entry. On July 3, 2003, the trial court conducted a status conference and, after learning that the parties had been unable to agree to a consent judgment entry, scheduled the matter for a full hearing.
 {¶ 4} The trial court commenced the full hearing on July 18, 2003, and conducted the final portions of it on September 4, 2003 and September 24, 2003. At the close of Berry and Patrick's case, Patrick moved to dismiss pursuant to Civ.R. 41(B)(2), on the ground that Berry had failed to prove her case. The trial court denied the motions.
 {¶ 5} On October 6, 2003 and January 27, 2004, Berry filed motions to show cause, asserting that Patrick had violated the ex parte civil stalking protection order on two occasions. Berry alleged that Patrick had sent an email to a local newspaper and that such action was designed to harass her, and furthermore, Patrick had come within 500 yards of her home. On October 6, 2003, the Rocky River Police Department placed Patrick on paid administrative leave.
 {¶ 6} The trial court accepted briefs from both parties and conducted a hearing on March 24, 2004. At the close of the hearing, the trial court announced from the bench its ruling on both show cause motions and on the underlying civil stalking protection order. The trial court found that Patrick's actions in sending an email to a local newspaper did not violate the ex parte civil stalking protection order. However, Patrick's actions in coming within 500 yards of Berry's house did violate the order and, therefore, the trial court found Patrick in contempt of court. Finally, the court ruled that the contact complained of by Berry did not constitute stalking and vacated the ex parte civil stalking protection order.
 {¶ 7} As a sanction for the contempt finding, the trial court imposed a $500 fine and ordered Patrick to pay Berry's attorney fees related to the motions to show cause. Berry submitted attorney fee bills related to the motions to show cause. Though he objected to the imposition of attorney fees at the close of the March 24th hearing, Patrick did not file a responsive brief to the attorney fee submission. On August 16, 2004, the trial court, through a journal entry, awarded Berry attorney fees in the amount of $4,316.
 {¶ 8} Patrick appeals raising the three assignments of error contained in the appendix to this opinion. Berry filed a cross appeal based on the denial of the permanent civil stalking protection order. Berry subsequently dismissed that cross appeal in her brief to this court.
 {¶ 9} In his first assignment of error, Patrick argues that the trial court erred by not granting his motion to dismiss pursuant to Civ.R. 41(B)(2). This assignment lacks merit.
 {¶ 10} Upon review of a trial court's denial of a Civ.R. 41(B)(2) motion, our standard becomes whether the judgment is against the manifest weight of the evidence or contrary to law. Altimari v. Campbell (1978),56 Ohio App.2d 253, 256. "An appellate court will not reverse the decision of a trial court for being against the manifest weight of the evidence if the decision of the trial court is supported by competent, credible evidence." Shutway v. Shutway (Feb. 10, 2000), Cuyahoga App. No. 76737, at 9, 2000 Ohio App. LEXIS 461, citing C.E. Morris Co. v.Foley Construction Co. (1978), 54 Ohio St.2d 279.
 {¶ 11} R.C. 2903.214 allows for the issuance of protection orders for victims of menacing by stalking, and under R.C. 2903.211, applicants have the burden to show by a preponderance of the evidence that the accused engaged in a pattern of conduct knowingly designed to cause the applicant to believe that the accused will cause them physical harm or mental distress. Decarlo v. Schilla (August 12, 2002), Cuyahoga App. No. 80170, at ¶ 37, 2002-Ohio-4186.
 {¶ 12} The stalking statute specifies that a pattern of conduct means two or more "actions or incidents closely related in time." R.C.2903.211(C)(1). It also defines mental distress as "any mental illness or condition that involves some temporary substantial incapacity or mental illness or condition that would normally require some psychiatric treatment." R.C. 2903.211(C)(2).
 {¶ 13} In the present case, the parties agree that this case does not involve physical harm or the threat of physical harm. Accordingly, we are left to review whether Berry presented sufficient evidence of mental distress to the degree required by statute. We concur with the trial court's determination that Berry met this burden.
 {¶ 14} During the hearings conducted by the trial court, Berry presented evidence that in July 2001, Patrick sent a lengthy letter expressing his frustrations over the end of the relationship and that this letter scared her. Additionally, on September 24, 2001, Patrick trespassed onto her boyfriend's property and peered into the garage looking for her vehicle. Berry also signed an affidavit swearing that from July 2001 to September 2001, Patrick made thirty-three unwanted telephone calls to her. Berry testified that in 2001, she believed Patrick placed a note on her car that read "LIAR." In January 2002, Berry found a note on her desk at work that read, "relationships that don't end peacefully don't end at all." Berry testified that she believed Patrick placed this note on her desk. Furthermore, Berry testified that Patrick followed her while she was driving in February, April, and May of 2003. Berry testified that she was so mentally distraught over Patrick's actions that she was forced to leave work early or come in late to avoid running into him. Finally, Berry testified that Patrick's actions forced her to see a counselor.
 {¶ 15} Looking at the evidence presented above, there exists competent and credible evidence to support the trial court's determination. Berry presented proof of multiple incidents occurring not only close in time, but over a period of nearly three years; and additionally, that these incidents caused her to miss work and to seek the assistance of a mental health counselor. We cannot say that the trial court's decision was against the manifest weight of the evidence. Patrick's first assignment of error is overruled.
 {¶ 16} In his second assignment of error, Patrick argues that the trial court erred in granting Berry's motion to show cause and holding him in contempt of court. We agree with Patrick and find this assigned error dispositive.
 {¶ 17} The basis of Patrick's argument is that the trial court did not conduct the hearing on the civil stalking protection order within a timely manner and, therefore, the order itself is invalid. Patrick failed to raise this issue before the trial court and has thus waived the issue on appeal. Mark v. Mellot Mfg. Co., Inc. (1995), 106 Ohio App.3d 571. "An appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court." State v. Awan (1986), 22 Ohio St.3d 120, 122, quoting State v. Childs (1968), 14 Ohio St.2d 56. Because Patrick failed to object to any alleged error, he waived all but plain error. State v. Hartman, 93 Ohio St.3d 274, 2001-Ohio-1580. The decision to correct a plain error is discretionary and should be made "with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." State v. Long (1978),53 Ohio St.2d 91. Such exceptional circumstances exist in this case and, accordingly, we find plain error in the trial court's failure to conduct and rule on the motion for a civil stalking protection order in a timely manner.
 {¶ 18} We first note that the trial court commenced the permanent hearing within a timely manner pursuant to R.C. 2903.214(D)(2), which requires a full hearing to be scheduled within ten court days of the ex parte hearing. R.C. 2903.214(D)(2)(a)(i) provides for a continuance of the case and states that where the respondent has not been served pursuant to statute, the full hearing may be continued for "a reasonable time determined by the court." This court properly continued the full hearing after learning that Patrick had not been served, Patrick's attorney had not entered a notice of appearance, and that the parties were attempting to resolve the matter through a consent judgment entry. The trial court then scheduled and commenced the full hearing on July 18, 2003. Although we do not find that there was an unreasonably long time period between the ex parte hearing and the commencement of the full hearing, we do find that the trial court's actions in conducting the hearing over two months, in failing to rule on the motion for a civil stalking protection order until six months after the conclusion of the hearing, and then not journalizing the final ruling until thirteen months after Berry requested the civil stalking protection order, constituted an abuse of discretion.
 {¶ 19} In State v. Blaine (March 12, 2004), Highland County App. No. 03CA9, 2004-Ohio-1241, the fourth district appellate court interpreted R.C. 2903.214 to mean "that the legislature intended that the full hearing occur within ten days of the ex parte hearing or as soon thereafter as is reasonable." Id. at paragraph 21. In Blaine, the magistrate issued an ex parte civil stalking protection order on September 3, 2002, and set the full hearing for September 10, 2002. The court then continued the hearing for two months and twelve days to November 22, 2002. On appeal, the court found an abuse of discretion when the trial court continued the full hearing for two months and twelve days without any explanation for the delay. Id. at paragraph 22. The court further found that "a continuance for two months and twelve days of the full hearing provided for in R.C. 2903.214 is unreasonable. Id. at paragraph 22.
 {¶ 20} In the case at bar, the trial court conducted the hearing in three increments over a two-month period of time without providing an explanation for the delay between its commencement and completion. Additionally, the trial court did not make a ruling on the motion until eight months after Berry filed the request and did not journalize this ruling until thirteen months after Berry requested the order. In between that time, the trial court ultimately found that Berry did not meet her burden of proof in establishing the need for a permanent civil stalking protection order but conversely found that, while the ex parte order was intact, Patrick violated the order by coming within 500 yards of Berry's residence. In its journal entry, the trial court fined Patrick $500 and ordered to him to pay $4,316 in attorney fees.
 {¶ 21} We find that the trial court's conclusion of this matter thirteen months after it began, constituted an abuse of discretion. Accordingly, the trial court should not have found Patrick in contempt of the ex parte civil stalking protection order because the hearing was not conducted nor concluded in a timely fashion. Because we find that trial court erred in finding Patrick in contempt of the ex parte civil stalking protection order, we must reverse the fine and attorney fees imposed as sanctions for the contempt finding.
 {¶ 22} This Court's ruling renders Patrick's third assignment of error moot.
 {¶ 23} The judgment of the trial court is reversed.
It is ordered that appellant shall recover of appellee costs herein taxed.
The court finds that there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Cuyahoga County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze Jr., P.J., And Sweeney, J., concur.
 Appendix Assignments of Error:
 "I. The trial court erred by not granting defendant's Civ.R. 41(B)(2)motion to dismiss the complaint.
 "II. The trial court erred by granting appellee's show cause motion andholding appellant in contempt of court.
 "III. The trial court erred by finding appellant in contempt of courtand then ordering appellant to pay appellee's attorney's fees as asanction for contempt of court."