DECISION AND JUDGMENT ENTRY
{¶ 1} David Morris appeals from a civil stalking protection order ("CSPO") granted to Kimberly Gussler. Morris contends the trial court erred in proceeding in his absence and over his objection with the full hearing on Gussler's petition for the CSPO. Because the court had already continued the full hearing for over two months and Morris relied on opposing counsel rather than court to confirm another continuance, the trial court did not abuse its discretion in proceeding with the full hearing as scheduled. We affirm the trial court's judgment.
 I. Facts {¶ 2} On October 28, 2005, Kimberly Gussler filed a petition under R.C.2903.214 seeking a CSPO against David Morris. Gussler alleged that Morris caused her great mental distress by engaging in a pattern of stalking and harassment against her for a period of six months, in violation of R.C. 2903.211. On the same day, the trial court issued an ex parte CSPO restraining Morris from committing acts or threats of abuse against Gussler, and ordered a full hearing to take place on November 7, 2005. [D1]
 {¶ 3} The record reflects that on November 1, 2005, Morris received the ex parte CSPO and notice of the November 7th hearing. His counsel moved for a "reasonable continuance, of perhaps 90-120 days", on the basis of counsel's unavailability on the scheduled date, and counsel's need to conduct discovery and prepare for the full hearing. The trial court granted Morris a continuance from November 7 to November 23, 2005.
 {¶ 4} Gussler answered interrogatories and a request for admissions served upon her by Morris. She objected, however, to Morris' request to depose her on December 12, 2005, and she opposed an additional continuance of the full hearing on her petition. According to the record, the full hearing did not occur on November 23, 2005 as scheduled, but the record does not contain an order expressly continuing the hearing. Rather, on December 21, 2005, the court overruled Gussler's objections to taking her deposition and rescheduled the full hearing on the petition for January 9, 2006. Accordingly, her deposition was to occur prior to the hearing date.
 {¶ 5} Morris' counsel appeared at the January 9, 2006 hearing, without Morris or any witnesses on his behalf, and objected to the court proceeding with the hearing. Morris' counsel orally requested a continuance and moved for sanctions against Gussler's counsel, contending that opposing counsel had misled him into believing that the hearing would be continued by consent of the parties. Morris' counsel indicated that Gussler's attorney could not arrange the deposition prior to January 9, and had suggested continuing the hearing; Gussler's attorney indicated he would take care of obtaining the continuance. Gussler's counsel advised the court that he had been "open to a continuance cause (sic) you ruled she had to do the deposition * * *" but in the absence of an order from the court granting a continuance, he was ready to go to trial. Noting its standing order setting the matter for final hearing on January 9, 2006, the trial court denied Morris' request for a continuance and proceeded with the full hearing in his absence. Following the hearing, the trial court granted the petition and entered a CSPO against Morris for a period of three years.
 II. Assignment of Error {¶ 6} Morris presents a single assignment of error for our review: The Trial Court Erred and Abused Its Discretion In Overruling Respondent's Objections And Proceeding to Trial in Respondent's Absence On January 9, 2006.
 III. Analysis {¶ 7} In essence, Morris asserts that the trial court denied him due process of law when it rejected his request for a continuance of the January 9, 2006 hearing. He contends it was fundamentally unfair to proceed with the hearing because Gussler's counsel had engaged in deceitful conduct that misled his counsel into believing the January 9, 2006 hearing would be continued by the consent of the parties.
 {¶ 8} A trial court has discretion when deciding whether to grant or deny a motion for a continuance, and an appellate court must not reverse a trial court's denial of a continuance unless there has been an abuse of that discretion. State v. Jones (2001), 91 Ohio St.3d 335, 342, certiorari denied (2001), 534 U.S. 1004; State v. Landrum (1990),53 Ohio St.3d 107, 115, certiorari denied (1991), 498 U.S. 1127; State v.Unger (1981), 67 Ohio St.2d 65, syllabus; Conkle v. Wolfe (1998), 131 Ohio App.3d 375, 384.
 {¶ 9} R.C. 2903.214 governs protection orders for victims of menacing by stalking and provides that after a court issues an ex parte CSPO, "the court shall schedule a full hearing for a date that is within tencourt days after the ex parte hearing" and shall give the respondent "notice of, and an opportunity to be heard at, the full hearing." (Emphasis Added). See R.C. 2903.214(D)(2)(a). The statute directs the court to hold the full hearing on the date scheduled unless the court grants "a continuance of the full hearing to a reasonable time determined by the court" for any of the following reasons: the respondent has not been served with the petition and notice of the hearing, the parties consent to the continuance, a party wishes to obtain counsel, or the continuance is needed for any other good cause. R.C. 2903.214(D)(2)(a)(i) through (iv).
 {¶ 10} We have interpreted R.C. 2903.214 "to mean that the legislature intended that the full hearing occur within ten days of the ex parte hearing or as soon thereafter as is reasonable." State v. Blaine, Highland App. No. 03CA9, 2004-Ohio-1241, ¶ 21, appeal not allowed,103 Ohio St.3d 1404, 2004-Ohio-3980. In Blaine, we determined that where good cause or the trial court's explanation for the delay was lacking, a continuance of the full hearing for a period of two months and twelve days was unreasonable. Id. at ¶ 22. Compare Elliot v. Ball, Cuyahoga App. No. 83896, 2004-Ohio-6300 (holding the trial court should have granted a requested continuance where the respondent received the notice of hearing on a petition for CSPO only two days before the date of the full hearing).
 {¶ 11} Under the circumstances in this case, the trial court did not abuse its discretion in proceeding with the full hearing on January 9, 2006 where (1) the court had continued the full hearing on the CSPO petition for more than two months affording Morris ample time to prepare his defense, (2) Morris' counsel did not file a formal motion prior to the January 9, 2006 hearing date seeking its continuance, and (3) Gussler's counsel was ready to present witnesses and evidence at the January 9, 2006 hearing.
 {¶ 12} Most importantly, even if Gussler's counsel had sought a continuance of the January 9, 2006 hearing, the trial court was under no duty to continue it. The decision whether to continue the hearing was firmly entrusted to the sound discretion of the trial court, regardless of the parties' consent to a continuance. R.C. 2903.214(D)(2)(a);Unger; Conkle, supra. In short, courts — not attorneys — grant continuances, and courts speak through their journal. Morris' counsel was aware the trial court had not entered an order continuing the January 9, 2006 hearing.
 {¶ 13} To the extent Morris' counsel relied upon an alleged assurance of opposing counsel, with whom he had serious professional conflicts during this matter, such reliance was both misplaced and unjustified. Given the animosity and accusations between counsel, it was unreasonable to simply rely on opposing counsel's word that it would be "taken care of." Moreover, it was also unreasonable to wait until the eve of trial to confirm via the court the existence of a continuance. If opposing counsel was not complying with the discovery order, Morris' counsel should have sought the intervention of the court rather than relying upon opposing counsel's word that it would be "taken care of."
 {¶ 14} Because the trial court did not issue an order continuing the January 9, 2006 final hearing, it was incumbent upon both parties and their counsel to be prepared and ready to proceed on the scheduled hearing date. Morris has not demonstrated that the court's decision to proceed with the final hearing as scheduled denied him a meaningful opportunity to appear and defend against the petition for CSPO, especially where the court had already continued the hearing for more than two months beyond the ten-day period provided by the legislature. R.C. 2903.214(D); Blaine, supra.
 {¶ 15} For the foregoing reasons, we overrule Morris' assignment of error and affirm the trial court's judgment.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, P.J., Kline, J., and McFarland, J.: Concur in Judgment and Opinion.
For the Court
BY: William H. Harsha, Presiding Judge
BY: Roger L. Kline, Judge
BY: Matthew W. McFarland, Judge
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.