[Cite as *Schrock Road Mkts., Inc. v. Sun Life Assur. Co. of Canada*, 2011-Ohio-4087.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SCHROCK ROAD MARKETS, INC. | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellant | Hon. Sheila G. Farmer, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| SUN LIFE ASSURANCE COMPANY<br>OF CANADA, ET AL. | Case No. 11CAE020015 |
| Defendants-Appellees | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Court of Common Pleas,<br>Case No. 08CVC071052 |
| JUDGMENT: | Reversed and Remanded |
| DATE OF JUDGMENT ENTRY: | August 16, 2011 |

APPEARANCES:

For Plaintiff-Appellant

DENNIS L. PERGRAM
50 North Sandusky Street
Delaware, OH  43015-1926

For Defendants-Appellees

JEFFREY A. WILLIS
191 West Nationwide Blvd.
Suite 300
Columbus, OH  43215

DIMITRI HATZIFOTINOS
141 East Town Street
Suite 200
Columbus, OH  43215

*Farmer, J.*

{¶1}   On March 27, 2006, appellees, Sun Life Assurance Company of Canada and Grubb & Ellis/Adena Realty Advisors, filed a complaint in the Court of Common Pleas of Delaware County, Ohio for declaratory judgment against appellant, Schrock Road Markets, Inc., to determine the ownership of some property located at the site of a former Big Bear store (Case No. 06CVH030279) (hereinafter "Lawsuit I").   Appellees filed an amended complaint on April 3, 2006, adding a breach of contract claim.   On April 5, 2006, appellant filed an answer and counterclaim for declaratory judgment.   A bench trial was held on September 5, 2006.   By decision and entry filed October 27, 2006, the trial court found in favor of appellees as against appellant.   Appellant appealed.   This court reversed the trial court's judgment and remanded the case for further proceedings.   *Sun Life Assurance Company of Canada v. Schrock Road Markets, Inc.,* Delaware App. No. 06CAE110089, 2008-Ohio-7.

{¶2}   Upon remand, on February 11, 2008, appellant filed a motion for leave to file a supplemental counterclaim to add claims of conversion, unjust enrichment, and breach of constructive trust.   By judgment entry filed February 13, 2008, the trial court denied the motion.

{¶3}   On February 28, 2008, appellant filed a complaint in the Court of Common Pleas of Franklin County, Ohio against appellees, claiming conversion, unjust enrichment, and breach of constructive trust (Case No. 08CVC023063) (hereinafter "Lawsuit II").   On April 4, 2008, appellees filed a motion to dismiss and/or change venue.   By judgment entry filed June 13, 2008, the case was transferred to Delaware County which is the case sub judice (Case No. 08CVC071052).

{¶4}   On July 30, 2008, the trial court filed a judgment entry in Lawsuit I, finding the real estate containing the disputed property had been sold and therefore the issues in the lawsuit were moot.  No appeal was taken.

{¶5}   All parties filed motions for summary judgment in Lawsuit II.  On January 18, 2011, the trial court filed a judgment entry granting appellees' motion to dismiss filed on April 4, 2008, finding appellant's claims were compulsory counterclaims that should have been asserted in Lawsuit I.  The trial court rendered the motions for summary judgment moot.

{¶6}   Appellant filed an appeal and this matter is now before this court for consideration.  Assignment of error is as follows:

I

{¶7}   "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN GRANTING THE MOTION TO DISMISS."

I

{¶8}   Appellant claims the trial court erred in granting appellees' Civ.R. 12(B)(6) motion to dismiss.  We agree.

{¶9}   Our standard of review on a Civ.R. 12(B)(6) motion to dismiss is de novo. *Greeley v. Miami Valley Maintenance Contractors, Inc.* (1990), 49 Ohio St.3d 228.  A motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.  *State ex rel. Hanson v. Guernsey County Board of Commissioners,* 65 Ohio St.3d 545, 1992-Ohio-73.  Under a de novo analysis, we must accept all factual allegations of the complaint as true and all

reasonable inferences must be drawn in favor of the nonmoving party. *Byrd. v. Faber* (1991), 57 Ohio St.3d 56.

{¶10} In its judgment entry filed January 18, 2011 granting appellees' motion to dismiss, the trial court found the following:

{¶11} "Schrock the Plaintiff in their second case is obviously attempting to get two bites at the apple. All of the counterclaims sought to be filed by Schrock in Case No. 06 CVH 03 0279 January 28, 2008 existed when the original declaratory judgment action was filed and should have been alleged as compulsory counterclaims pursuant to Civil Rule.

{¶12} "Schrock however did not even attempt to pursue these claims until 16 months after trial at which time leave was sought for purposes of filing these claims almost as an afterthought. This Court denied the motion for leave to file supplemental pleadings 16 months after trial.

{¶13} "Schrock did not appeal this Court's decision but instead has attempted to bypass the appeal by filing a new case based on the same pleadings and causes of action in Franklin County."

{¶14} The gravamen of this case is whether appellant should have filed its claims as a compulsory counterclaim to Lawsuit I or whether appellant should have filed an appeal of the trial court's February 13, 2008 denial of its motion for leave to file a supplemental counterclaim in Lawsuit I.

{¶15} In order to determine these issues, we will first address the status of the record as it existed at the time of appellees' motion to dismiss.

{¶16} On April 4, 2008, appellees filed a motion to dismiss with exhibits which included the April 3, 2006 amended complaint filed in Lawsuit I, the April 5, 2006 answer to the amended complaint and counterclaim, the trial court's October 27, 2006 decision and entry, this court's January 2, 2008 opinion and judgment entry, the February 11, 2008 motion for leave to file a supplemental counterclaim, the trial court's February 13, 2008 judgment entry denying said motion, and the complaint filed in Franklin County on February 28, 2008. The attachments were attested to by Jeffrey Willis, Esq., who averred "the pleadings and memoranda attached to this Motion to Dismiss, which were filed in the Delaware County Court of Common Pleas, Case No. Case No. (sic) 06-CVH-03-279 ('Delaware County Case'), are true and accurate copies."

{¶17} The February 28, 2008 complaint alleged conversion, unjust enrichment, and breach of constructive trust. On August 6, 2008, appellees filed an answer with twenty affirmative defenses. Affirmative defense nos. 12, 13, and 18 raised the issues of failure to file a compulsory counterclaim in Lawsuit I, collateral estoppel, res judicata, and mootness.

{¶18} The four corners of the complaint and the answer do not include the previous rulings from the trial court and this court. Clearly the trial court proceeded in rendering its decision by looking outside the four corners of the pleadings. The matter should have been converted to summary judgment status as Civ.R. 12(B) requires. We note summary judgment motions were pending which the trial court deemed moot in its January 18, 2011 judgment entry.

{¶19} Because matters were considered beyond the four corners of the pleadings, we reverse the trial court's decision, and remand the matter for further proceedings.

{¶20} We note appellees argued the previous rulings were attached to their motion to dismiss via Attorney Willis's affidavit. The proper authentication of these documents is not via an affidavit of an attorney, but by certification of the clerk.

{¶21} In *Helfish v. Madison,* Licking App. No. 08-CA-150, 2009-Ohio-5140, ¶40, 49, this court held the following:

{¶22} "The pleadings filed in the instant case were a part of the record in this case and the court could consider these pleadings in making a determination on summary judgment. However, the record in Case No. 05 CV 00120 is not a part of the record in this case, and the pleadings appellees relied on in that case must be properly before the court as admissible evidence before they may be considered by the court in ruling on the summary judgment motion. E.g., *Nationwide v. Kallberg,* Lorain App. No. 06CA008968, 2007-Ohio-2041, ¶20, 22.

{¶23} "***

{¶24} "We note that the court did not state that it was taking judicial notice of any of the pleadings in Case No. 05 CV 00120. Further, the court could not take judicial notice of such pleadings. This Court has stated in dicta that we agreed with the proposition that the trial court can take judicial notice of prior lawsuits filed in its own court. *Lansing v. Hybud Equipment Co.,* Stark App. No.2002CA00112, 2002-Ohio-5869, ¶16. A trial court can take judicial notice of the court's docket. *State v. Washington* (August 27, 1987, Cuyahoga App. Nos. 52676, 52677, 52678 at 15.

However, a court does not have the authority to take judicial notice of the proceedings in another case, including its own judgment entries. Eg., *State v. LaFever,* Belmont App. No. 02 BE 71, 2003-Ohio-6545, ¶27; *State v. Blaine,* Highland App. No. 03CA9, 2004-Ohio-1241, ¶17; *Diversified Mortgage Investors, Inc. v. Athens Cty. Bd. of Revision* (1982), 7 Ohio App.3d 157, 454 N.E.2d 1330; *NorthPoint Properties, Inc. v. Petticord,* 179 Ohio App.3d 342, 2008-Ohio-5996, ¶16. The rationale for this holding is that if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. Eg. *Blaine,* supra, ¶17; *LaFever,* supra, ¶27; *Buoscio,* supra, ¶34."

{¶25} The motion to dismiss and the attachments thereto created evidentiary issues which pursuant to Civ.R. 12(B) should have been converted into a motion for summary judgment which was not done sub judice.

{¶26} The sole assignment of error is granted.

{¶27} The judgment of the Court of Common Pleas of Delaware County, Ohio is hereby reversed.

By Farmer, J.

Delaney, J. concur and

Hoffman, P.J. concurs separately

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

_____

JUDGES

SGF/sg 714

*Hoffman, P.J.,*

{¶28} I concur in the majority's analysis and disposition. However, I would go further and conclude Appellant's claims were not compulsory counterclaims in the original declaratory judgment action. The claims arose because of Appellees' disposition of the property which occurred after the original complaint and counterclaim were filed and while the initial appeal therefrom was pending.

{¶29} I find the claims were not compulsory given the underlying action was only for declaratory judgment concerning ownership of the property.

{¶30} Because Appellees sold the property after the declaratory judgment action had been decided, Appellant could seek leave to file a supplemental complaint or, alternatively, institute a new action. I do not believe the two alternatives are exclusive.

{¶31} I find it would be inequitable for Appellees to benefit from their sale of the property during the pendency of the appeal, particularly given this Court's prior declaration the property in dispute was a fixture and determining Appellant was the legal owner.

s / William B. Hoffman_____

HON. WILLIAM B. HOFFMAN

IN THE COURT OF APPEALS FOR DELAWARE COUNTY, OHIO

FIFTH APPELLATE DISTRICT

SCHROCK ROAD MARKETS, INC.          :
                                    :
    Plaintiff-Appellant             :
                                    :
-vs-                                :          JUDGMENT ENTRY
                                    :
SUN LIFE  ASSURANCE COMPANY         :
OF CANADA, ET AL.                   :
                                    :
    Defendants-Appellees            :          CASE NO. 11CAE020015

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Delaware County, Ohio is reversed, and the matter is remanded to said court for further proceedings consistent with this opinion. Costs to appellees.

s/ Sheila G. Farmer_____

s/ Patricia A. Delaney_____

 s/ William B. Hoffman_____

JUDGES