DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a Gallipolis Municipal Court judgment of conviction and sentence. After a bench trial, the trial court determined that Kraig W. Lemley, the defendant below and the appellant herein, violated a temporary protection order.
 {¶ 2} Appellant raises a single assignment of error for review:
"The court erred when it found him guilty of harassment, violating the TPO, and sentencing him to jail."
 {¶ 3} On September 17, 2003, the Gallia County Probate Court was involved in a custody proceeding concerning Destiny Lemley, Sonya Lemley's minor child. While the parties' attorneys were involved in a two hour pretrial conference, the parties and other guests waited in a courthouse hallway.
 {¶ 4} At some point, the appellant made a comment concerning a gold necklace. Sonya Lemley filed a complaint and alleged that the appellant violated a protection order in the following manner:
"[Lemley] look [sic] at me (Sonya Lemley) when I (Sonya Lemley) walked by Mr. Lemley on the 3rd floor of the courthouse for a custody hearing to go to the bathroom[.] Mr. Lemley said that you got to earn to wear that gold to me (Sonya Lemley) then Mr. Lemley said it louder so he (Mr. Lemley) knew that I (Sonya Lemley) hear [sic] what he * * * said. * * * *"
 {¶ 5} She described the circumstances surrounding the appellant's comment as follows:
"I had went and put on one of my necklaces and I got up to go to the bathroom and when I walked past Mr. Lemley he says you've got to earn to wear that gold. And I kept on walking and he said it louder the second time he said it." She stated that Lemley directed the comment at her, testifying that "he looked dead at me."
 {¶ 6} Sonya's friend, Chastity Blankenship, was present at the courthouse and stated that she could not remember what the appellant stated to Sonya, but she knew "that he looked at her and said something." Another person present stated that the appellant did not look directly at Sonya when he made the comment but admitted, upon questioning, that "[t]he remark was obviously addressed to her * * * since she was putting on gold or taking it off."
 {¶ 7} Appellant testified and explained his version of the incident:
"I have her dad's ring * * * and uh, she saw that, so she gets in her purse and she gets the gold out and starts putting it all on. I seen [sic] her because she was just a few chairs down from me. * * * * She gets up and she's flashing it in front of mine and [two other people's] face, and I looked over at [the two other people] as I said, word for word, you would think a person would have to earn that gold to wear that gold."
 {¶ 8} The prosecutor asked Lemley if he expected Sonya to overhear the comment. He responded: "I have a, well I speak with kind of a deep voice anyhow, so * * *." (omission in original). He stated that he did not "purposely ma[k]e her hear that."
 {¶ 9} In his sole assignment of error, the appellant contends that the evidence presented at trial does not support his conviction for violating R.C. 2919.27.[1] We construe this as a challenge to the sufficiency of the evidence.
 {¶ 10} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. See, e.g.,State v. Jenks, (1991), 61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. A sufficiency of the evidence challenge tests whether the state's case is legally adequate to satisfy the requirement that it contain prima facie evidence of all the elements of the charged offense. See State v. Martin (1983),20 Ohio App.3d 172, 175 and Carter v. Estell (CA 5, 1982),691 F.2d 777, 778. It is a test of legal adequacy, rather than a test of rational persuasiveness.
 {¶ 11} After our review of the case at bar, we conclude that the evidence adduced at trial does not sufficiently support the trial court's judgment. First, we note that our review is hampered because the protection order at issue is not part of the record. The trial court decided to take judicial notice of its previous order, at the suggestion of the appellant's counsel. However, a trial court may not generally take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case. See State v. Blaine
Highland App. No. 03CA9, 2004-Ohio-1241 (Harsha, J. and Abele, J.: concurring in the judgment only), citing, inter alia, In reKnotts (1996), 109 U.S.3d 267, 671 N.E.2d 1357; State v. Valez
(1991), 72 Ohio App.3d 836, 596 N.E.2d 545. The rationale for this holding is that if a trial court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. Phillips v.Rayburn (1996), 113 Ohio App.3d 374, 680 N.E.2d 1279. We note, however, that in light of the circumstances in the present case, we could arguably apply the invited error doctrine to the appellant's detriment.
 {¶ 12} Second, we believe that the evidence adduced at trial does not support the conclusion that the appellant violated a protection order. We note that both the appellant and the complaining witness were positioned in a courthouse hallway for approximately two hours awaiting developments in a child custody matter. Although Sonya Lemley testified that she believed that the appellant's remark concerning a gold necklace constituted harassment, we are not convinced that the substance of the appellant's statement and the setting in which it was made could constitute a R.C. 2919.27 violation. Although we certainly understand and acknowledge the trial court's frustration with the appellant and with the parties' behavior in general, we believe that under these particular facts the evidence falls short of a possible violation.
 {¶ 13} Accordingly, based upon the foregoing reasons we hereby sustain the appellant's assignment of error and reverse the trial court's judgment.
JUDGMENT REVERSED.
[1] R.C. 2919.27 sets forth the essential elements of violating a protection order and provides:
(A) No person shall recklessly violate the terms of any of the following:
(1) A protection order issued or consent agreement approved pursuant to section 2919.26 or 3113.31 of the Revised Code;
(2) A protection order issued pursuant to section 2903.213 or2903.214 of the Revised Code;
(3) A protection order issued by a court of another state.