[Cite as *Strongsville v. Dolbin*, 2016-Ohio-7484.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 103844

---

# CITY OF STRONGSVILLE

### PLAINTIFF-APPELLEE

vs.

# NICK DOLBIN

### DEFENDANT-APPELLANT

---

## JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Berea Municipal Court
Case No. 15CRB00411

**BEFORE:** Keough, P.J., S. Gallagher, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** October 27, 2016

**ATTORNEYS FOR APPELLANT**

Kimberly Kendall Corral
Baioni Corral, L.L.P.
1497 East 361st Street, Suite 3
Eastlake, Ohio 44095

Carlos K. Johnson
1220 West Sixth Street, Suite 203
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

George F. Lonjak
City of Strongsville Prosecutor
18688 Royalton Road
Strongsville, Ohio 44136

KATHLEEN ANN KEOUGH, P.J.:

**{¶1}** Defendant-appellant, Nick Dolbin, appeals his conviction of violating a domestic violence protection order. For the reasons that follow, we reverse and remand for the trial court to enter a judgment order vacating Dolbin's conviction.

**{¶2}** On February 1, 2015, Dolbin was charged in the Berea Municipal Court under case number 15CRB00146 with two counts of domestic violence in violation of R.C. 2919.25.[1] From the record before this court, it appears that Dolbin pleaded not guilty to these charges on February 3, 2015. Subsequently, on February 10, the court issued a temporary protection order ("TPO") in that case prohibiting Dolbin from having contact with his wife, Kathleen Dolbin, ("Kathleen"), the alleged victim of the domestic violence charges.

**{¶3}** Subsequently on March 19, 2015, the city of Strongsville charged Dolbin in this case under case number 15CRB00411 with two counts of violating the domestic violence protection order in violation of R.C. 2919.27. It was alleged that Dolbin violated the protection order on or about February 23, 2015.

**{¶4}** Both cases proceeded to trial. Following a jury trial in case number 15CRB00146, Dolbin was acquitted of both domestic violence charges. Prior to trial in this case on the TPO violations, Dolbin moved to dismiss the complaint, arguing that the underlying TPO was invalid because neither the victim nor the arresting officer had

---

[1]The domestic violence case is not before this court and no record of that case has been transmitted to this court.

moved for a TPO and the municipal court failed to conduct a hearing pursuant to R.C. 2919.26 before ordering the TPO. The trial court denied Dolbin's motion to dismiss.

{¶5} Also prior to trial, the city dismissed one count of violating the TPO. The remaining count was tried before the bench, where the court heard evidence that Dolbin submitted an application seeking employment with wife's employer. The application was submitted to human resources, the department that his wife supervised. The court found Dolbin guilty of violating a protection order and ordered him to pay a $100 fine and court costs.

{¶6} Dolbin now appeals, raising three assignments of error.

I. Subject Matter Jurisdiction

{¶7} In his first assignment of error, Dolbin contends that the court erred in finding that he violated the domestic violence TPO because the municipal court did not have subject matter jurisdiction to even issue the TPO.

{¶8} Initially, we note that the TPO was issued in case number 15CRB00146 as a result of two domestic violence charges filed against Dolbin. Whether Dolbin challenged the court's jurisdiction to issue the TPO in that case is not in the record before this court.

{¶9} Nevertheless, the Berea Municipal Court was established statutorily by R.C. 1901.01(A). Municipal courts have original jurisdiction "[i]n any action concerning the issuance and enforcement of temporary protection orders pursuant to R.C. 2919.26." R.C. 1901.18(A)(9).

{¶10} The court issued the domestic violence TPO pursuant to R.C. 2919.26. Subsection (D)(1) states, in pertinent part,

> [u]pon the filing of a complaint that alleges a violation of section 2909.06, 2909.07, 2911.12, or 2911.211 of the Revised Code if the alleged victim of the violation was a family or household member at the time of the violation, a violation of a municipal ordinance that is substantially similar to any of those sections if the alleged victim of the violation was a family or household member at the time of the violation, any offense of violence if the alleged victim of the offense was a family or household member at the time of the commission of the offense, * * * the court, upon its own motion, may issue a temporary protection order as a pretrial condition of release if it finds that the safety and protection of the complainant, alleged victim, or other family or household member of the alleged offender may be impaired by the continued presence of the alleged offender.

{¶11} Dolbin contends that although the complaint filed in the domestic violence case involved a family or household member, the complaint did not involve any violations of the statute enumerated in R.C. 2919.26 to allow the court to issue the TPO. However, Dolbin's argument is premised on an incomplete reading of the statute.

{¶12} The statute clearly allows a trial court to issue a TPO in cases where the complaint alleges "any offense of violence if the alleged victim of the offense was a family or household member at the time of the commission of the offense." R.C. 2919.26(D)(1). The underlying offense, domestic violence, is an offense of violence, *see* R.C. 2901.01(A)(9)(a), and the alleged victim was Dolbin's wife, who by definition, is a family member under R.C. 2919.25(F)(1)(a)(i).

{¶13} Accordingly, the Berea Municipal Court acted within its subject matter jurisdiction when it issued the TPO in the domestic violence case. The first assignment of error is overruled.

## II. Due Process Violation

**{¶14}** In his second assignment of error, Dolbin contends that the TPO was issued in violation of his statutory and constitutional right to due process. Specifically, Dolbin contends that neither the victim nor the arresting officer ever moved the trial court for a TPO and, therefore, the court erred in issuing the TPO. Dolbin also argues that despite this procedural deficiency, the court failed to hold the requisite hearing within the statutory time frame. Again, Dolbin's arguments are premised on a misreading and incomplete review of R.C. 2919.26.

**{¶15}** R.C. 2919.26(D)(1) allows a court, upon its own motion, to "issue a temporary protection order as a pretrial condition of release if it finds that the safety and protection of the complainant, alleged victim, or other family or household member of the alleged offender may be impaired by the continued presence of the alleged offender."

**{¶16}** Again, the record before this court does not reveal whether Dolbin challenged the issuance of the TPO in the domestic violence case. Nevertheless, and although the record in 15CRB00146 was not transmitted or made a part of this appeal, we can discern from the record before this court that the TPO was issued by the trial court on February 10, 2015 following a complaint for domestic violence.[2] However, we cannot

---

[2]The record transmitted to this court contains a copy of the TPO, which was included in the trial court's pagination as document No. 6. A review of the trial court's docket reveals that the TPO was never journalized or docketed as a filing in the case before this court; thus, it will not be considered to be part of the trial court record. *See Dragway 42, L.L.C. v. Kokosing Constr. Co.*, 9th Dist. Wayne No. 09CA0008, 2009-Ohio-5630, ¶ 3, fn. 1 (only journalized documents are to be considered).

discern from the record on appeal what occurred on February 10 when the TPO was issued because that record is not before this court.

{¶17} Therefore, whether the trial court conducted the requisite hearing within the appropriate time frame after the TPO was issued, or whether Dolbin waived his right to a hearing, is undeterminable from the record before this court. In the absence of the actual TPO issued, the case file under which the TPO was issued, or a transcript of the February 10 hearing, we presume regularity of the proceedings in case number 15CRB00146, including that Dolbin was afforded due process regarding the TPO. *See Hinton v. Newburgh Hts.*, 8th Dist. Cuyahoga No. 103412, 2016-Ohio-2727, ¶ 18, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (it is appellant's burden to ensure that all necessary parts of the record are before the appellate court, and when a piece of the record necessary to determine an assignment of error is missing, an appellate court has no choice but to presume the validity of the proceedings below and affirm).

{¶18} Accordingly, Dolbin's second assignment of error is overruled.

### III. Sufficiency of the Evidence

{¶19} In his third assignment of error, Dolbin contends that his conviction is against the sufficiency of the evidence. We agree.

{¶20} A Crim.R. 29 motion challenges the sufficiency of the evidence. The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009-Ohio-3598, ¶

12. An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). A sufficiency of the evidence challenge tests whether the prosecution's case is legally adequate to satisfy the requirement that it contain prima facie evidence of all the elements of the charged offense. *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

**{¶21}** In this case, Dolbin was convicted of violating R.C. 2919.27(A)(1), which prohibits a person from recklessly violating the terms of any protection order issued or consent agreement approved pursuant to R.C. 2929.26. A person acts "recklessly" when "with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).

**{¶22}** Our review of this assignment of error is hindered because the TPO at issue is not part of the record. In fact, the trial court noted prior to the start of trial that the TPO was not included in the case file. *See* tr. 15-16. Nevertheless, prior to and after

trial, the trial court seemed to take judicial notice of the content of the TPO. This was improper. A trial court may not generally take judicial notice of prior proceedings in the court, but may only take judicial notice of prior proceedings in the immediate case. *State v. Lemley*, 4th Dist. Gallia No. 04CA4, 2005-Ohio-155, ¶ 11, citing *State v. Blaine*, 4th Dist. Highland No. 03CA9, 2004-Ohio-1241. The rationale for this holding is that if a court takes notice of a prior proceeding, the appellate court cannot review whether the trial court correctly interpreted the prior case because the record of the prior case is not before the appellate court. *Lemley* at *id.*, citing *Phillips v. Rayburn*, 113 Ohio App.3d 374, 680 N.E.2d 1270 (4th Dist.1996). Because the TPO was issued in the domestic violence case and was part of that record, the trial court improperly took judicial notice of a prior proceeding. For the trial court to consider the content of the TPO, it had to be introduced and admitted as an exhibit or stipulated to by Dolbin. Our review of the record reveals that it was neither an exhibit nor a stipulation. Accordingly, any reference to the content of the TPO by the court was in error.

{¶23} In order for the city to prove that Dolbin violated a temporary protection order pursuant to R.C. 2919.27, the city had to prove that Dolbin violated a term of the protection order that was in effect at the time of the violation.

{¶24} In this case, testimony was presented that on February 22, 2015, a 30-page application of employment containing Dolbin's personal contact information, including educational background and work history, was submitted electronically from Dolbin's

personal email to HealthSpan, Kathleen's employer for the past 12 years.[3]  Kathleen testified that she worked in the human resources department, which received employment applications.

{¶25} Rebecca Vance testified that she received the electronic application, and upon noticing that the application was from her supervisor's husband, she showed it to Kathleen.  Vance testified that she presented the application to Kathleen because the company has a policy related to conflicts of interest.  Kathleen testified that HealthSpan has an anti-nepotism policy, which prohibits employing multiple family members with the company.  She further testified that after receiving the application, she contacted the police because she thought it might be a violation of the protection order.  (Tr. 34.)

{¶26} Sergeant Greg Madama of the Strongsville Police Department testified that he took the report from Kathleen regarding the alleged violation.  He stated that he "confirmed the temporary protection order was intact at the time of the alleged violation" and he subsequently issued the complaint against Dolbin.  (Tr. 40.)  On cross-examination, he explained why he issued the complaint:  "I was looking at the generality of the protection order itself and was there a violation.  And that piece of evidence [the application] says that there was. * * * This case, this Court specifically noted in the temporary protection order that Mr. Dolbin was not allowed to have any contact with Mrs. Dolbin's employer."  (Tr. 41-42.)

---

[3] Although a copy of the application was introduced and admitted into evidence, the application was not provided to this court on appeal.

**{¶27}** Viewing the evidence in the light most favorable to the city, sufficient evidence was presented for the trier for fact to conclude that the application of employment was submitted by Dolbin. However, insufficient evidence was presented for the trier of fact to conclude that this electronic submission was a violation of a term of the TPO that was in place on February 22, 2015. Although Sergeant Madama testified about what the TPO prohibited, this testimony was not offered for the truth of the matter asserted; rather, it was offered to explain why he issued the complaint against Dolbin. Therefore, because it was not offered as substantive evidence, the city could not use this testimony to prove what term of the TPO was allegedly violated. *See State v. McKelton*, Slip Opinion No. 2016-Ohio-5735, ¶ 128, citing *State v. Kirk*, 6th Dist. Huron No. H-09-006, 2010-Ohio-2006, ¶ 28 (where hearsay is received for a purpose other than the truth of its content, then the content is not substantive evidence). Furthermore, as previously explained, the court could not take judicial notice of the TPO to determine whether Dolbin violated a term or condition of the TPO.

**{¶28}** Because the TPO was not presented as evidence, or stipulated to by the defense, no substantive evidence or testimony was presented explaining what section of the TPO Dolbin violated when his application was sent to his wife's employer. Without the TPO itself, a stipulation, or any substantive testimony explaining what the terms and conditions of the TPO included, the city presented insufficient evidence to prove that Dolbin violated the TPO in effect on February 22, 2015. Accordingly, Dolbin's third assignment of error is sustained.

**{¶29}** Judgment reversed and remanded for the trial court to enter an order vacating Dolbin's conviction.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

SEAN C. GALLAGHER, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR