[Cite as *Cleveland v. Boone*, 2018-Ohio-849.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105762

## CITY OF CLEVELAND

PLAINTIFF-APPELLEE

vs.

## FRANK D. BOONE

DEFENDANT-APPELLANT

**JUDGMENT:**
REVERSED AND VACATED

Criminal Appeal from the
Cleveland Municipal Court
Case No. 2015 CRB 026110

**BEFORE:** Laster Mays, J., Kilbane, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** March 8, 2018

-i-

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Building, Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Barbara Langhenry
City of Cleveland Law Director

By:   Karyn J. Lynn
Assistant City Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

{¶1} Defendant-appellant, Frank Boone ("Boone"), appeals his conviction for violation of a temporary protection order ("TPO").   We reverse and vacate the conviction.

{¶2}   On December 3, 2015, a complaint was filed in the Cleveland Municipal Court alleging a violation of a TPO pursuant to R.C. 2919.27, a first- degree misdemeanor.   An arrest warrant for Boone was issued the same date. According to the complaint, the case is based on "15-381614 domestic violence temporary protection order — Cleveland Heights."   The affidavit establishing probable cause for the arrest, references "police report #: 15-381614."   The TPO order allegedly covered T.W., her teen-aged daughter ("daughter"), and T.W.'s father ("father"). T.W. attested that Boone sent her a text on December 1, 2015, and called her "in violation of a criminal protection [order] that I have against him. Defendant is the father of my child."   Also on December 3, 2015, a warrant was issued for Boone's arrest.

**{¶3}** On January 11, 2017, the warrant was verified and Boone was arrested on January 13, 2017 at the Cuyahoga County Juvenile Court when attending a custody proceeding involving daughter. Boone was arraigned on January 17, 2017, in the Cleveland Municipal Court. Boone appeared with counsel on February 1, 2017, and requested a trial date. The prosecutor commented that she did not "know what's going on with the Cleveland Heights case." (Tr. 2.)

**{¶4}** T.W. appeared at the February 17, 2017 hearing. The hearing was continued due to confusion by the parties and the trial court about documents indicating the protection order was related to a Cuyahoga County Common Pleas Court case, while the TPO at issue was ordered by Cleveland Heights. The case was continued to March 8, 2017. Boone advised that the order was not in effect at the time of the contact.

**{¶5}** Trial commenced on March 8, 2017. The trial court asked about the age of the original protection order. The city responded:

> PROSECUTOR: Your Honor, it's my understanding there were two Protection Orders. And I think that was the confusion last time. That's what the conversation we had with [defense counsel]. He — he was under the impression from what his client had indicated that the Protection Order had terminated. I did send him an e-mail indicating that I have evidence that the Protection Order was terminated after the date of this offense.
>
> And additionally, there was the second Temporary Protection Order that picked up on the same day that the first one was terminated, which did not get terminated until April of 2016. And if you look at this, the offense date, and this was December 1st, 2015. So he was under a Protection Order throughout the two cases that were active.

(Tr. 4.)

**{¶6}** T.W. and Boone shared legal custody of daughter who was residing with Boone at the time of the November 2015 altercation between Boone and daughter. At the pretrial in

Cleveland Heights Municipal Court, the trial court issued a TPO. The city requested that the trial court take judicial notice of a photocopy of the November 25, 2015 TPO that was allegedly signed by Boone. Defense counsel objected stating that "[t]he law requires a certified copy." (Tr. 31.) The city countered that judicial notice was appropriate because the TPO contained a file-stamp and was identified by a party to the action.

{¶7} The city also asked the trial court, over defense objection, to take judicial notice of a print-out of the text messages, and docket entries from the Cleveland Heights Municipal Court allegedly reflecting that the TPO for the misdemeanor case was terminated on December 3, 2015, but a felony TPO was issued the same date that did not terminate until April 2016. The trial court reserved ruling on the city's exhibits until the conclusion of the case.

{¶8} T.W. did not know when the Cleveland Heights case was finalized but opined that it was April 2016. The text messages and calls occurred on December 1, 2015, when T.W. was visiting her father who resided in Cleveland. They reported the contact to the Cleveland Police Department's Fourth District.

{¶9} Cleveland Police Officer Robert Alford, Jr. ("Det. Alford") testified that T.W. reported the TPO violation. Det. Alford stated that T.W. showed him the text messages and presented him with a copy of the TPO. Det. Alford testified that he verified the order through the computer system. According to Det. Alford, protection orders are considered active until removed.

{¶10} Boone testified in his defense. He testified that he was arrested at his home on November 23, 2015, and charged with disorderly conduct and making false alarms. Boone posted a bond and was released on November 25, 2015, and recalled signing a TPO during that time.

**{¶11}** Boone testified that he appeared in Cleveland Heights Municipal Court on December 1, 2015, though subsequent testimony is somewhat unclear: "I went to court for my felony charges, assault, and domestic violence and they was dismissed along with the — the Restraining Order." (Tr. 38.)

> BOONE: Actually, I was about to make bond on my misdemeanors. And when I was going (inaudible) to get charged later on that day they charged me with felonies, domestic violence and aggravated assault, and that's when the Restraining Order came in too.

(Tr. 38-39.) Boone then stated that he appeared in Cleveland Heights for a preliminary hearing for the "assault and domestic violence charge for the felony." (Tr. 39.) After viewing a document identified as Defendant's Exhibit A, Boone elaborated on his December 1, 2015 felony appearance. "That's my preliminary hearing and it got dismissed." (Tr. 40.) "That's a notice that I came to court" on December 1, 2015 at 3:00 p.m. and "[t]hey dismissed the charges. My attorney told me I was good to go to get my daughter, to go get my daughter now." (Tr. 40.)

**{¶12}** "I texted" T.W. after court and "told her where she could drop my daughter off at." (Tr. 41.) "She texted back," "I told her that the charge had got dismissed. She never came to court." (Tr. 41.) Boone testified he did not go to court for the Cleveland Heights misdemeanor cases until December 15, 2015. Boone confirmed that the only TPO was issued for the felony charge and that was dismissed on December 1, 2015.

**{¶13}** During cross-examination, the city cited two case numbers allegedly contained in the exhibits: CRA 1502015 and CRB 1502016. One of the documents, dated December 3, 2015, contained the statement "Temporary Protection Order issued and valid until case is adjudicated." (Tr. 47.) Boone said he had no knowledge of that. The city also asked Boone whether he had knowledge of an April 13, 2016 entry indicating that the TPO was recalled by the

court on April 13, 2016. He did not. Boone also seemed confused by a number of the questions regarding the outcome of misdemeanor charges, though he remained adamant about the felony dismissal.

**{¶14}** The trial court denied Boone's Crim.R. 29 motion for acquittal proffered at the close of the prosecution's case and renewed after the defense rested. The trial court found Boone guilty and sentenced him on April 26, 2017, to 18 months of community control with conditions and 180 days in jail. One hundred and fifty days of the jail time was suspended, and Boone was ordered to serve 15 consecutive weekends at the Cleveland House of Corrections. The trial court granted a stay of the sentence pending appeal, though Boone is still required to report to probation during the appeal period.

**{¶15}** On August 15, 2017, the city filed a motion to correct the record on appeal pursuant to App.R. 9(E) to include four exhibits submitted by the city: (1) a copy of the temporary protection order; (2) a printed copy of the text message exhibits; (3) a copy of the Cleveland Heights Municipal Court docket for CRA 1502015; and (4) a copy of the Cleveland Heights Municipal Court docket for CRB 1502016. The city was unable to obtain the exhibits from the court reporters who advised the city that the exhibits were on the trial judge's bench at the conclusion of the case.

**{¶16}** On October 6, 2017, the trial court issued a supplemental journal entry stated to be "in compliance with *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142." The entry contains a brief chronology of the events occurring before the trial court. *See* Cleveland Municipal Court journal entry (Oct. 6, 2017).

**{¶17}** On November 1, 2017, the trial court issued a second supplemental journal entry in response to the October 19, 2017 order of this court, addressing the absence of the four

exhibits requested by the city.   The trial court responded that it withheld the exhibits for a determination of admission until the end of the trial.   The trial court explained that there was no formal ruling on the admission upon finding Boone guilty; and, the court did not rely on any of the exhibits in reaching a decision.   "The finding of guilt was made on the testimony given, including the admissions of the Defendant.   Sua sponte" the trial court ruled that the city's motion to supplement the record was "denied as moot."   Cleveland Municipal Court second supplemental journal entry (Nov. 1, 2017).   There are no exhibits in the record for this court's review.

## II.    Assignments of Error

**{¶18}**    Boone presents three assigned errors:

I.    Boone was denied due process of law when he was convicted on a complaint which failed to conform to the requirements of the Fourth Amendment.

II.    Boone was denied due process of law when his motions for judgment of acquittal were overruled.

III.    Boone was denied due process of law when he was not constitutionally informed of the nature and cause of the accusation in a complaint which was not understandable.

**{¶19}**    We address Boone's second assigned error because we find it to be determinative in this case.

**{¶20}**    A Crim.R. 29 motion for judgment of acquittal tests the sufficiency of the evidence.   *State v. Hill*, 8th Dist. Cuyahoga No. 98366, 2013-Ohio-578, ¶ 13.   We consider whether the state has met its burden of production at trial. *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-Ohio-20, ¶ 41, citing *State v. Thompkins*, 78 Ohio St.3d 380, 390, 678 N.E.2d 541 (1997).

**{¶21}** As an appellate court, we are required to determine "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.'" *State v. Leonard*, 104 Ohio St.3d 54, 2004-Ohio-6235, 818 N.E.2d 229, ¶ 77, quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. In a sufficiency inquiry, an appellate court does not assess whether the state's evidence is to be believed but whether, if believed, the evidence admitted at trial supported the conviction. *State v. Starks,* 8th Dist. Cuyahoga No. 91682, 2009-Ohio-3375, ¶ 25, citing *Thompkins* at 387.

**{¶22}** We disagree with the trial court's determination that the exhibits were not necessary to the adjudication of the case because they were not relied on by the trial court and the guilty finding was based on the testimony and Boone's admissions. A review of the record reflects Boone's testimony was consistent in some of the areas addressed and confused in others. In fact, there is confusion surrounding the actual chronology of events in this case, beginning in 2015.

**{¶23}** At the February 17, 2017 hearing, the city mentioned that it could not go forward because it somehow was in possession of documents regarding a court of common pleas case while the matter originated in Cleveland Heights. In the appellate brief before this court, Boone also cites a transfer of the Cleveland Heights felony case on November 30, 2015, which would have included the accompanying misdemeanor, *State v. Boone*, Cuyahoga C.P. No. CR-15-601455-A. Boone states the case was terminated and dismissed on November 30, 2015. Boone attaches an internet print-out of the entry in that case. We cannot consider evidence outside of the record and even if considered, it would not alter our decision. *State ex rel. Cty. of Cuyahoga v. Jones Lang Lasalle Great Lakes Co.*, 8th Dist. Cuyahoga No. 104157,

2017-Ohio-7727, ¶ 5.

**{¶24}** Notwithstanding the total lack of exhibits in the records, pivotal to adjudication of this case is authenticated evidence that the TPO upon which the complaint was based was a valid TPO. There is a reference in the complaint to a police report. The complaint also charges a TPO violation. We reiterate here that none of the exhibits referenced in the transcript were supplied for this court's consideration.

**{¶25}** Our recent analysis in *Strongsville v. N.D.*, 2016-Ohio-7484, 73 N.E.3d 896 (8th Dist.), is directly on point, including the nebulous history and record of the case. In that case, N.D. was charged with two counts of domestic violence in the Berea Municipal Court on February 1, 2015. On February 10, 2015, the court issued a TPO prohibiting contact with the alleged victim.

**{¶26}** On March 19, 2015, Strongsville charged appellant with two counts of violating the TPO that was issued on February 2015. *Id*. at ¶ 2-3. One count was dismissed prior to the bench trial. Appellant was found guilty of violating the TPO by submitting a job application to the victim's employer. The victim was the supervisor of the department receiving the application. Appellant was fined $100 plus costs. *Id*. at ¶ 5.

**{¶27}** We reversed and vacated the conviction, holding that the trial court erred in denying appellant's Crim.R. 29 motion challenging the sufficiency of the evidence. The TPO was not part of the record, but "the trial court seemed to take judicial notice of the content of the TPO. This was improper." *Id*. at ¶ 22. "For the trial court to consider the content of the TPO, it had to be introduced and admitted as an exhibit or [be] stipulated to by" the appellant. *Id*.

**{¶28}** In the instant case, as in *N.D.*,[1] the trial court did not admit any of the exhibits into evidence, but relied on the testimony that a TPO existed on December 1, 2015, when Boone admitted making contact with T.W. after an asserted dismissal of the case. The TPO entry, identified as Exhibit D in the trial transcript, was read into the record by the city at the trial court's request. The entry provided, "'Temporary Protection Order issued and valid until case is adjudicated,'" and is dated November 24, 2015. (Tr. 47.) While Boone admitted to signing a TPO at the time of his release on bond, he also testified that he was informed by counsel that the TPO was terminated and he was legally free to send the text message on December 1, 2015. The parties did not stipulate that a TPO was in existence on December 1, 2015, and, as we stated in *N.D.*, the trial court may not take judicial notice of the TPO. *Id*. at ¶ 22.

**{¶29}** We agree with Boone that the TPO was required to be certified for proper authentication and entered into evidence. *Cahill v. Cahill*, 8th Dist. Cuyahoga No. 65352, 1994 Ohio App. LEXIS 2687, at *4-5 (June 23, 1994) (a TPO "may be proved by copy, certified as correct in accordance with Rule 902,[2] Civ.R. 44, Crim.R. 27 or testified to be correct by a witness who has compared it with the original"). "Certified municipal court documents that are self-authenticating under Evidence Rule 902(4) are admissible under the public records exception to the hearsay rule." *State v. Davis*, 9th Dist. Summit No. 25680, 2012-Ohio-788, ¶ 17, citing *State v. Gwen,* 9th Dist. Lorain No. 25218, 2011-Ohio-512, at ¶ 42 (citing Evid.R. 803(8)(a)).

---

[1] "A review of the trial court's docket reveals that the TPO was never journalized or docketed as a filing in the case before this court; thus, it will not be considered to be part of the trial court record." *N.D.* at ¶ 16, fn. 2, citing *Dragway 42, L.L.C. v. Kokosing Constr. Co.*, 9th Dist. Wayne No. 09CA0008, 2009-Ohio-5630, ¶ 3, fn. 1 (only journalized documents are to be considered).

[2] "Certified copies of public records. A copy of an official record or report or entry therein, or of a document authorized by law to be recorded or filed and actually recorded or filed in a public office, including data compilations in any form, certified as correct by the custodian or other person authorized to make the certification, by certificate complying with paragraph (1), (2), or (3) of this rule or complying with any law of a jurisdiction, state or federal, or rule prescribed by the Supreme Court of Ohio." Evid.R. 902(4)

**{¶30}** Viewing the evidence in a light most favorable to the city, we find that the evidence in this case was legally inadequate to sustain the prosecution's case. The city did not present a certified copy of the TPO into evidence, thus failing to support a prima facie element of the offense. *N.D.* at ¶ 20, citing *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983). "Without the TPO itself, a stipulation, or any substantive testimony explaining what the terms and conditions of the TPO included [or that the TPO was even in effect at the time in question], the city presented insufficient evidence * * *." *N.D.* at ¶ 28.

**{¶31}** The second assigned error is sustained. The remaining errors are moot. App.R. 12(A).

### III. Conclusion

**{¶32}** The judgment is reversed and the case is remanded for the trial court to enter an order vacating Boone's conviction.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cleveland Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY