[Cite as *State v. Tarrance*, 2024-Ohio-1952.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230475 |
| | | TRIAL NO. 21CRB-7253 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DESEAN TARRANCE | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is:  Reversed and Appellant Discharged

Date of Judgment Entry on Appeal: May 22, 2024

*Emily Smart Woerner,* City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Connor E. Wood*, Assistant Prosecuting Attorney, for Plainitff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffmann*, Assistant Public Defender, for Defendant-Appellant.

**WINKLER, Judge.**

**{¶1}** Following a bench trial, defendant-appellant Desean Tarrance was convicted of violating a protection order under R.C. 2919.27. He has appealed that conviction and presents four assignments of error for review. We find merit in his assignments of error, and therefore, we reverse his conviction and discharge him from further prosecution.

**{¶2}** In his first assignment of error, Tarrance contends that the trial court committed plain error by admitting a copy of the protection order that was not certified or testified to as correct by a witness who compared the copy with the original order. We agree. The copy was not authenticated under Evid.R. 901, Evid.R. 902, or Evid.R. 1005. *See State ex rel. Dewine v. 333 Joseph*, LLC, 2014-Ohio-5090, 21 N.E.3d 11422, ¶ 29-32 (3d Dist.). The state concedes the error. Consequently, we sustain Tarrance's first assignment of error.

**{¶3}** In his third assignment of error, Tarrance contends that the evidence was insufficient to support the conviction. Because the state did not present a certified copy of the protection order, it failed to prove a prima facie element of the offense. *See Cleveland v. Boone*, 8th Dist. Cuyahoga No. 105762, 2018-Ohio-849, ¶ 30. Therefore, the evidence was insufficient to support the conviction, and we sustain Tarrance's third assignment of error.

**{¶4}** The state argues that we should remand the cause to the trial court for a new trial. But when a conviction is reversed due to insufficient evidence, the double-jeopardy clause bars a retrial. *See State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997); *State v. Duncan*, 154 Ohio App.3d 254, 2003-Ohio-4695, 796 N.E.2d 1006, ¶ 37 (1st Dist.).

**{¶5}** In sum, we sustain Terrance's first and third assignments of error, reverse his conviction, and discharge him from further prosecution. We find his other two assignments of error to be moot, and we decline to address them.

Judgment reversed and appellant discharged.

**BOCK, P.J.,** and **ZAYAS, J.,** concur.

Please note:

The court has recorded its own entry this date.