[Cite as *Lakewood v. Smith*, 2026-Ohio-1763.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

CITY OF LAKEWOOD,                     :

    Plaintiff-Appellee,          :

                                     No. 114186

    v.                           :

MICHAEL T. SMITH,                    :

    Defendant-Appellant.         :

---

### JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** May 8, 2026

---

Lakewood Municipal Court
Case No. 2023-CRB-00524
Application for Reopening
Motion No. 587295

---

### *Appearances:*

Ernest E. Vargo, Director of Law, Myriam A. Miranda, Lakewood Prosecuting Attorney, and Andrew N. Fleck, Assistant Prosecuting Attorney, *for appellee.*

Michael Smith, *pro se.*

DEENA R. CALABRESE, J.:

{¶ 1} On August 22, 2025, the applicant, Michael Smith, pursuant to App.R. 26(B) and *State v. Murnahan,* 63 Ohio St.3d 60 (1992), applied to reopen this court's judgment in *Lakewood v. Smith*, 2025-Ohio-2447 (8th Dist.), in which

this court affirmed Smith's convictions for violating an ex parte protection order. However, this court did rule that the sealed testimony from the full protection order hearing was improperly admitted. Smith now argues that his appellate counsel was ineffective for not arguing the following: (1) the trial court erred in denying appellant's Crim.R. 29 motion for acquittal because the State failed to present legally sufficient, admissible evidence of the protection order and proper service; (2) the trial court committed a plain error by allowing the State to take advantage of its wrong acts contrary to the well-settled, long-standing principle that Ohio courts do not allow a person to profit by their own wrong doing; (3) the trial court committed prejudicial error by failing to strictly construe R.C. 2903.214 against the State in accordance with R.C. 2901.04(A) and allowing the State to present sealed evidence; (4) the conviction was against the manifest weight of the evidence because the State relied on inadmissible sealed records, hearsay testimony, and an absent witness with firsthand knowledge to establish essential elements of R.C. 2919.27, violating the protection order; (5) the trial court committed plain error by permitting the prosecutor to engage in switch-of-purpose tactics regarding Detective Herpka's testimony about service of the protection order; (6) the trial court committed plain error by violating Smith's rights to confront his accusers by not requiring the unknown individuals who allegedly told Herpka about service to be cross-examined in violation of the Sixth Amendment and Article I, Section 10 of the Ohio Constitution; and (7) the trial court abused its discretion by denying appellant's motion for a continuance to allow the subpoenaed sheriff's officer to testify. On

September 25, 2025, the State filed its brief in opposition. For the following reasons, this court denies the application.

## I. Procedural and Factual Background

{¶ 2} Smith is a Lyft driver. In early April 2023, Smith got into a physical altercation with a woman, N.S., and her male companion while Smith was giving them a Lyft ride. On April 11, 2023, N.S. obtained an ex parte civil stalking protection order against Smith in *N.S. v. Smith*, Cuyahoga C.P. No. CV-23-977862 (the "Protection Order Case"). The magistrate scheduled the full hearing for April 20, 2023. However, on that date, the full hearing was rescheduled for May 25, 2023. Smith then moved to reschedule the full hearing, and the court set the hearing for July 17, 2023. *N.S. v. Smith,* 2024-Ohio-6020, ¶ 1-3 (8th Dist.).

{¶ 3} On June 6, 2023, N.S. received a letter from Smith that she thought threatened her and violated the ex parte protection order. Thus, on June 8, 2023, she filed a criminal complaint against Smith with the Lakewood Police Department. On June 16, 2023, Lakewood charged Smith with violating the protection order. *Lakewood v. Smith,* Lakewood M.C. No. 2023-CRB-00524 (the "Violation Case").

{¶ 4} On July 17, 2023, the magistrate in the Protection Order Case conducted the full hearing, during which both N.S. and Smith testified, and concluded that N.S. failed to carry her burden of demonstrating by a preponderance of the evidence that Smith's conduct constituted cause to issue a full protection order. Thus, on August 16, 2023, the common pleas court adopted the magistrate's decision, denied the protection order, and terminated the ex parte protection order.

N.S. did not appeal the decision. Pursuant to R.C. 2903.214(G)(2), the common pleas court judge sealed the record of the Protection Order Case on December 18, 2023.

{¶ 5} However, the Violation Case remained pending. N.S. moved the common pleas court to unseal the Protection Order Case, which the court did on March 8, 2024. This allowed the City of Lakewood to obtain the transcript of the trial. On March 13, 2024, Smith appealed the unsealing of the records and moved for a stay of the trial court's order. This court granted the stay on March 18, 2024. In December 2024, this court ruled that the trial court erred in unsealing the records because R.C. 2903.214 does not grant the trial court with any discretion in unsealing records. *N.S. v. Smith,* 2024-Ohio-6020 (8th Dist.).

{¶ 6} In the Violation Case, the trial court denied Smith's motion in limine to suppress the transcript from the Protection Order Case. During the May 22, 2024 jury trial, the trial court allowed Lakewood to introduce into evidence redacted portions of the Protection Order Case transcript that contained Smith's testimony that he was aware of the ex parte protection order when he mailed the letter to N.S. Smith objected to this testimony because those records should not have been unsealed, but the court overruled the objection. Lakewood's investigating officer, Detective Heather Herpka, also testified. Her testimony indicated that she obtained the ex parte protection order in 2023 and investigated its authenticity at the time of the complaint. (Tr. 141-144.) The detective further testified that through her

investigation, a call to the issuing court, she learned that Smith had been served with the restraining order by certified letter on May 1, 2023. (Tr. 144-145 and 161.)

{¶ 7} The jury found Smith guilty of violating the protection order. The judge sentenced him to 180 days in jail with 120 days suspended, a $1,000 fine with $600 suspended, court costs, and community-control supervision for five years.

{¶ 8} Smith's appellate counsel argued that the trial court erred in denying Smith's motion for acquittal under Crim.R. 29 because (1) the dissolution and sealing of the protection order rendered it unenforceable, and (2) the prosecution did not prove requisite service of the order by proof beyond a reasonable doubt. Appellate counsel also argued that the trial court erred in allowing the sealed transcript for the full protection hearing into evidence, especially Smith's testimony that he knew about the protection order.

{¶ 9} This court rejected the argument that the denial of a full protection order and the dissolution of the temporary protection had a retroactive effect rendering it "functionally nonexistent ab initio" and precluding the prosecution for violating the temporary protection order. This court noted that the temporary protection order "existed at the time of Smith's violation on June 8, 2023." *Lakewood,* 2025-Ohio-2447, ¶ 24 (8th Dist.).

{¶ 10} This court ruled that the admission of the July 17 transcript was error. Thus, Smith's testimony at the July 17 hearing that he knew of the temporary protection order was inadmissible. Nevertheless, this court ruled that although the

admission of the transcript was prejudicial to Smith, other evidence established service of the temporary protection order on Smith beyond a reasonable doubt.

{¶ 11} Smith now argues that his appellate counsel was ineffective.

## II. Legal Analysis

{¶ 12} In order to establish a claim of ineffective assistance of appellate counsel, the applicant must demonstrate that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668 (1984); *State v. Bradley*, 42 Ohio St.3d 136 (1989); and *State v. Reed*, 74 Ohio St.3d 534 (1996).

{¶ 13} In *Strickland,* the United States Supreme Court ruled that judicial scrutiny of an attorney's work must be highly deferential. The court noted that it is all too tempting for a defendant to second-guess his lawyer after conviction and that it would be all too easy for a court, examining an unsuccessful defense in hindsight, to conclude that a particular act or omission was deficient. Therefore, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91 (1955).

{¶ 14} Specifically, in regard to claims of ineffective assistance of appellate counsel, the United States Supreme Court has upheld the appellate advocate's prerogative to decide strategy and tactics by selecting what he thinks are the most

promising arguments out of all possible contentions. The Court noted: "Experienced advocates since time beyond memory have emphasized the importance of winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a few key issues." *Jones v. Barnes*, 463 U.S. 745, 751-752 (1983). Indeed, including weaker arguments might lessen the impact of the stronger ones. Accordingly, the Court ruled that judges should not second-guess reasonable professional judgments and impose on appellate counsel the duty to raise every "colorable" issue. Such rules would disserve the goal of vigorous and effective advocacy. The Supreme Court of Ohio reaffirmed these principles in *State v. Allen*, 77 Ohio St.3d 172 (1996).

{¶ 15} Moreover, even if a petitioner establishes that an error by his lawyer was professionally unreasonable under all the circumstances of the case, the petitioner must further establish prejudice: but for the unreasonable error there is a reasonable probability that the results of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Strickland*, 466 U.S. at 694. A court need not determine whether counsel's performance was deficient before examining prejudice suffered by the defendant as a result of alleged deficiencies. *Bradley*, 42 Ohio St.3d at 143.

{¶ 16} Smith's first proposed assignment of error is that the "trial court erred in denying [his] Crim.R. 29 motion for acquittal because the State failed to present legally sufficient, admissible evidence of the protection order and proper service, contrary to controlling case law in [*Strongsville v. Dolbin*], 2016-Ohio-7484 [(8th

Dist.),] and [*Cleveland v.*] *Boone*, 2018-Ohio-849 [(8th Dist.)]." Contrary to Smith's assertion, appellate counsel raised the issue of whether service was proper. Therefore, we only address Smith's contention that appellate counsel failed to challenge the admissibility of the protection order.

{¶ 17} The gravamen of Smith's argument is that because the temporary protection order had been sealed and was improperly obtained when it was unsealed, the trial court erred in allowing the sealed order to be introduced into evidence. Without the actual order, there could be no foundation for the prosecution for violating the order. However, a review of the record reveals that N.S. provided a copy of the protection order to Lakewood when she initiated the Violation Case. In addition, Officer Herpka testified that she obtained a copy during the course of her investigation of the violation. Both of these copies of the protection order were obtained prior to the sealing of the record in the Protection Order Case.

{¶ 18} Smith's argument is a variant of what appellate counsel argued: Because the full protection order had been denied and the temporary protection order dissolved and sealed, the temporary protection order became unenforceable. Further, Smith's argument is narrower than appellate counsel's argument. The question is one of professional judgment and strategic choice. Appellate counsel argued that the denial of a full protection order and the dissolution of the temporary protection order made the temporary protection order unenforceable. Appellate counsel's strategy sought to exclude admission of the copies of the protection order obtained both before and after the record in the Protection Order Case was sealed.

Smith now contends that appellate counsel should have chosen the narrower argument that the sealing of the record in the Protection Order Case made the temporary protection order inadmissible evidence. Following the admonition of the Supreme Court, this court will not second-guess appellate counsel's professional judgment to argue the issue as the unenforceability of the protection order.

{¶ 19} Smith's second argument is that the "trial court committed a plain error by allowing the State to take advantage of their wrong acts contrary to a well-settled, long-standing principle that Ohio courts do not allow a person to profit by their own wrongdoing through the misuse of common-law principles or manipulating a statute." The gravamen of this argument is that the prosecution engaged in wrongdoing by convincing the common pleas court to unseal the records. However, appellate counsel attacked this issue directly by arguing that the trial court erred in admitting into evidence a transcript from a civil action that was under seal. Furthermore, this court ruled that it was error to admit the sealed transcript. Appellate counsel was not ineffective for directly addressing an issue and winning it. *State v. Hilliard,* 2016-Ohio-2828, ¶ 10 (8th Dist.).

{¶ 20} Smith next argues that the trial court committed prejudicial error by failing to strictly construe R.C. 2903.214, petition for protection order in menacing-by-stalking cases, against the State in accordance with R.C. 2901.04, rules for construction of statutes, and admitting the sealed records as evidence. Again, appellate counsel argued this and obtained a ruling that the sealed records from the Protection Order Case were improperly admitted.

{¶ 21} In Smith's fourth, fifth, and sixth proposed assignments of error, he argues that his appellate counsel should have argued that his conviction was improperly secured on inadmissible sealed records, hearsay testimony and its corollaries that he was not able to confront his accusers or cross-examine witnesses who supposedly served him with the protection order. In dealing with these issues, appellate counsel made the strategic decision to argue that the requisite element of service was not proven by marshalling the evidence to show that service was not made. The certified mail service from the clerk's office was sent to the wrong address. There was no receipt from the certified mail. The attempt to serve Smith at his correct address in Wayne County failed; that county's sheriff office told Officer Herpka that the office did not serve Smith. Smith's admission during the Protection Order Case was inadmissible, an issue won on appeal. This court rules that in so crafting the argument, appellate counsel exercised professional judgment, and this court will not second-guess that decision.

{¶ 22} Smith's final argument is that the trial court erred in not granting a continuance so that a Cuyahoga County deputy sheriff might testify on the element of service. The motion for continuance does not proffer what the testimony would have been, only that his testimony would be relevant as to the element of service in this case. Without knowing what the testimony would have been, all appellate counsel could have done was speculate on what such testimony would have been. That is insufficient for making an appellate argument, and appellate counsel

properly rejected an argument without foundation in the record.  *State v. Addison,*

2009-Ohio-2704 (8th Dist.).

{¶ 23} Accordingly, this court denies the application to reopen.


_____
DEENA R. CALABRESE, JUDGE

MICHELLE J. SHEEHAN, A.J., CONCURS;
EILEEN A. GALLAGHER, J., DISSENTS